Hart, J.
 

 At the opening of the trial in the instant case, counsel for the defendants moved the court to dismiss plaintiff’s petition for the reason that it was insufficient to invoke the jurisdiction of the court under the Uniform Declaratory Judgments Act of this state. The court overruled the motion and the defendants now complain that the trial court erred in this respect.
 

 This motion, in the nature of a demurrer, attacked the sufficiency of the petition. The trial court in ruling upon it was obliged to assume the well pleaded allegations of the petition to be true and to construe such allegations most favorably for the plaintiff.
 

 Section 12102-2, General Code, a part of the Uniform Declaratory Judgments Act, provides:
 

 “Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.”
 

 Here, Travelers seeks to have determined the question of the validity of its insurance contract as it relates to Cochrane who is claiming protection under it. The conduct of Cochrane made the respective rights of himself and Travelers under the policy uncertain. Travelers’ undertaking of the defense of Cochrane in
 
 *312
 
 the Eckerman suit might waive any right to disclaim liability because of any failure of Cochrane to perform conditions required of him under the policy. On the other hand, its failure to defend and present all defenses available may render it liable for an unwarranted judgment against Cochrane. If no such declaration of rights can be had by Travelers, it may be forced to defend two actions, namely, the Eckerman action and, if judgment is rendered for Eckerman in her action, a suit on the contract of insurance. The instant action was brought to avoid, if possible, such prolonged litigation.
 

 The purpose of the Uniform Declaratory Judgments Act is to provide procedural means to settle controversies and to afford relief from uncertainty with respect to rights, status and other legal relations. The courts have frequently rendered declaratory judgments as to the validity and construction of various kinds of insurance contracts and as to the rights of the parties arising therefrom. 16 American Jurisprudence, 311, Section 35;
 
 Aetna Life Ins. Co.
 
 v.
 
 Haworth,
 
 300 U. S., 227, 81 L. Ed., 617, 57 S. Ct., 461, 108 A. L. R., 1000.
 

 On this subject, 16 American Jurisprudence, 311, Section 35, reads as follows:
 

 “However, it may no longer be doubted that the extent of an insurer’s responsibility or its immunity from liability under an insurance contract are rights which it can petition to have determined by declaratory judgment. * * *
 

 U
 
 * * #
 

 “In the case of liability policies, a dispute or controversy between the insurer and its insured as to the fact or extent of liability under the policy to persons injured as a result of the operation of the insured automobile, including, in most cases, the insurer’s obligation to defend the insured in actions threatened or
 
 *313
 
 pending for damages against him, is generally held to present an actual or justiciable controversy within a declaratory judgments act
 
 [Maryland Casualty Co.
 
 v.
 
 Pacific Coal & Oil Co.,
 
 312 U. S., 270, 61 S. Ct., 510, 85 L. Ed., 826],
 

 í i
 
 * * #
 

 “* * * So also, questions of an insurer’s claimed immunity from liability under the policy predicated upon the insured’s failure to co-operate in the defense of claims or actions by injured persons, or upon collusion or connivance between the insured and injured persons, have been held or assumed to be proper subjects for declaratory determination.”
 
 Pacific Indemnity Co.
 
 v.
 
 McDonald,
 
 107 F. (2d), 446, 131 A. L. R., 208;
 
 State Farm Mutual Auto. Ins. Co.
 
 v.
 
 Bonacci,
 
 111 F. (2d), 412;
 
 Glens Falls Indemnity Co. v. Keliher,
 
 88 N. H., 253, 187 A., 473; annotation, 142 A. L. R., 74, 75.
 

 Defendants claim also that Travelers’ petition in the instant case was insufficient for the reason that the sole question, if any was presented, was not a question of construction of the contract of insurance but a question of fact as to a subsequent breach of the terms of the contract. This court in the case of
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Heisel, Sr.,
 
 143 Ohio St., 519, 56 N. E. (2d), 151, held that the declaratory judgment procedure may not be used to determine a mere isolated question of fact which has nothing to do with the “construction or validity” of an insurance policy, but the court did not hold that facts may not be determined from which legal conclusions may be reached as to the validity of an insurance contract. In the instant case, the question for determination is whether certain alleged acts of Cochrane constituted a breach of the insurance contract, and, if so, whether the contractual relation still exists.
 

 In
 
 Aetna Life Ins. Co.
 
 v.
 
 Haworth, supra,
 
 a declaratory judgment action which involved a question of
 
 *314
 
 fact whether an insured had become totally and permanently disabled and therefore by the terms of the contract of insurance relieved of the obligation to continue the payment of premiums, the court, speaking through Chief Justice Hughes, said:
 

 “That the dispute turns upon questions of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is every day practice.” See
 
 Coshocton Real Estate Co.
 
 v.
 
 Smith,
 
 147 Ohio St., 45, 47, 48, 67 N. E. (2d), 904.
 

 The defendants, before trial in the instant case, demanded a jury trial. They contended that the primary issues in this action involve a simple question of fact whether there was a breach of the insurance contract by Cochrane after the automobile accident. Section 12102-9, General Code, a part of the declaratory judgments act, provides:
 

 “When a proceeding under this act involves the determination of an issue of fact, such issue may bo tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.” Depending upon the character of the declaratory judgment sought, the action may be tried either to a jury or to a court. The question is determined as in other civil actions.
 
 Schaefer
 
 v.
 
 First National Bank of Findlay,
 
 134 Ohio St., 511, 18 N. E. (2d), 263.
 

 Section 11379, General Code, provides:
 

 “'Issues of law must be tried by the court, unless referred as hereinafter provided. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided.”
 

 
 *315
 
 Section 11380, General Code, provides:
 

 “All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred.”
 

 Here, no mopey judgment is sought by Travelers against either defendant, nor is this an action to recover ‘ ‘ specific real or personal property. ’ ’ Travelers seeks a determination of its obligations to Cochrane under the insurance contract and its avoidance and cancellation as to him. A decree in its favor on this subject would relieve it from further efforts in his defense in the Eckerman suit. The case was properly triable to the court.
 

 Furthermore, in the instant case, there was no substantial dispute as to the acts of Cochrane which Travelers claimed constituted a breach of the insurance contract. This court, in
 
 Luntz et al., Exrs.,
 
 v.
 
 Stern,
 
 135 Ohio St., 225, 20 N. E. (2d), 241, involving the question whether an insured had breached the cooperation clause of an insurance contract under which he claimed coverage, said:
 

 “When the facts presented in a case are undisputed, whether they constitute a performance or a breach of a written contract, is a question of law for the court. ’ ’
 

 The defendants claim further that the court in the instant case erred in admitting in evidence, at the instance of Travelers, Cochrane’s written statement as to the facts and circumstances of the collision and the deposition of Cochrane taken in advance of the trial of the Eckerman action, on the ground that the former was taken by Travelers’ counsel as his counsel in the Eckerman action and constituted a privileged communication, and that the latter was generally incompetent. There is no merit in this contention.
 

 Although there is some authority that a report of an agent to his master in respect to matters which then or subsequently are involved in litigation is a
 
 *316
 
 privileged communication, the weight of authority favors the view that such report made in the ordinary course of duty before litigation has been commenced or threatened is not a privileged communication. However, this court in
 
 In re Klemann,
 
 132 Ohio St., 187, 5 N. E. (2d), 492, 108 A. L. R., 505, held:
 

 “Where an insurer receives a report from its insured concerning a casualty covered by its policy of insurance, such report becomes the property of the insurer and subject to its complete control; and, when the insurer transmits it to its counsel for the purpose of preparing a defense against a possible law suit growing out of such casualty, such report constitutes a communication from client to attorney and is priviledged against production and disclosure under Section 11494, General Code.” See, also,
 
 Schmitt
 
 v.
 
 Emery,
 
 211 Minn., 547, 2 N. W. (2d), 413, 139 A. L. R., 1242, 1258; and
 
 Robertson
 
 v.
 
 Commonwealth of Virginia,
 
 181 Va., 520, 25 S. E. (2d), 352, 146 A. L. R., 966, 980.
 

 But in the instant case, even though Cochrane claims counsel for Travelers were also counsel for him in the defense of the Eckerman suit until Travelers disclaimed liability on its policy as to him, the privilege involved in his statement to Travelers was destroyed so far as he was concerned by his voluntary disclosure to others of the content of the statement. A brief recital of the history relating to the statement in question will make this clear.
 

 Cochrane’s signed statement above referred to was first made three days after the collision to the claim agent or representative of Travelers who transmitted it to counsel for Travelers. After the collision, Cochrane took the insurance policy to the office of counsel for Eckerman and in February 1947 gave him a statement covering the facts and circumstances of the accident as covered in his original statement to Trav
 
 *317
 
 elers, except that he then said to counsel for Eckerman that the light was red.
 

 On March 29, 1947, counsel for Travelers had an interview with Cochrane, recorded by and in the presence of a shorthand reporter, again recounting all the facts and circumstances of the accident as covered in the original statement in which he denied giving a statement concerning the accident to any one except Travelers. On December 9, 1947, counsel for Travelers prepared and filed a signed and sworn answer for Cochrane in the Eckerman action, containing the information which Travelers had secured from him in the statements in question. About a year later and before the hearing of the instant case, Cochrane at the instance of counsel for Travelers again submitted to a steuographically recorded interview in which he went over and confirmed all the facts contained in the original statement except that he then said he had run a red light and admitted that he had falsified as to that fact when he gave the original statement soon after the accident. Finally, Cochrane filed an answer in the instant case in which he admitted having given to Travelers the facts contained in his original statement, except that in such answer he denied that he represented to Travelers that he did not commit any wilful or wanton act in the operation of the automobile at the time of the collision. Later as a witness in his own behalf in the instant case and without objection he testified as to all matters recorded in such signed statement. In view of this history of the statement and Cochrane’s disclosures concerning it, any privilege as to it was completely destroyed.
 

 Cochrane’s deposition in the Eckerman case was taken to ascertain what his position and attitude were in connection with the trial of that case. It was admissible in the instant case to show his bad faith and false dealing with Travelers as bearing upon his
 
 *318
 
 breach of duty under the insurance contract. Furthermore, there was no prejudice to Cochrane in the admission of these items of evidence because, on cross-examination in the instant case, he admitted making all the statements of fact as they appeared in the statement concerning the collision and in his deposition taken in the Eckerman case.
 

 The defendants claim also that in the instant case the trial court erred in refusing to grant their motion for judgment upon Travelers’ opening statement, at the completion of Travelers’ case and at the completion of all the evidence.
 

 The defendants apparently take the position that, since Travelers knew before any action was commenced against Cochrane by Eckerman that the traffic light was red for him at the time of the accident, it was not misled. However, Cochrane led Travelers to believe that in running the red light he was at most guilty of mere, negligence which would not constitute a basis for any recovery from him by Eckerman as his guest. Later, after conferring with Eckerman’s attorney, which he had promised Travelers not to do, Cochrane changed his position and indicated his willingness to support and testify to a state of facts which would prima facie support a cause of action in favor of Eckerman against him. As a result, even if Cochrane’s later position was consonant with the truth, he failed to give co-operation to Travelers but acted in cooperation and collusion with Eckerman in the prosecution and support of her claim.
 

 There was competent evidence to support Travelers ’ claim of breach of duty on the part of Cochrane under the insurance contract,
 
 Luntz et al., Exrs.,
 
 v.
 
 Stern, supra.
 
 The trial court made a finding and order to the effect that the acts of Cochrane constituted violations of the conditions of the policy of insurance; that such violations rendered the policy void as to Coch
 
 *319
 
 rane; that .by reason of such violations Travelers was under no further obligation to defend Cochrane in the Eckerman action; and that Travelers is under no obligation to pay any judgment which may be rendered against Cochrane in the Eckerman action.
 

 The Court of Appeals in discussing this feature of the case said:
 

 “These admissions were wholly inconsistent with defendant Cochrane’s original statement to plaintiff and altered the possible legal aspect of his conduct from that of negligence to that of wantonness. This conference (and others in relation to the subject matter) with the attorney for defendant Eckerman, which were had, unknown to plaintiff and contrary to instructions given said defendant, when viewed in the light of his close relationship to defendant Eckerman, afford a basis for inferences tending to support the claims of plaintiff and which the trial court could properly consider.
 

 “All these matters were kept from plaintiff in the first instance and until the case of defendant Eckerman was about to be reached for trial. They were material considerations in relation to the defense of the claim of wanton misconduct.
 

 “It is- apparent that the evidence in this case and the reasonable inferences that may be drawn therefrom lend credible support in sustaining the fact issues of collusion and want of co-operation. In view of this state of the record, the sufficiency and weight of the evidence were for the trial court.”
 

 With that view, this court concurs, and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet and Matthias, JJ., concur.