THE REPUBLIC INDEMNITY CO., APPELLEE, *v.* DURELL ET AL., APPELLANTS.*

(No. 5430—Decided May 15, 1957.)

*Mr. Lloyd E. Bilger*, for appellee.

*Messrs. Summer & Hoffman*, for appellants Ned Durell and Edward Durell.

*Messrs. Knepper, White, Richards, Miller & Roberts*, for all other appellants.

*Motion to certify the record overruled, November 13, 1957.

*Per Curiam.* This is an appeal on questions of law from a judgment rendered by the Common Pleas Court.

The case was begun in the Common Pleas Court of Franklin County by plaintiff, appellee herein, in which it sought a declaratory judgment to have its status declared and defined under a certain policy of insurance; and plaintiff specifically asked that the policy be declared null and void and without force and effect on June 25, 1950, on the ground that it had lapsed on June 5, 1950, because of nonpayment of premiums thereon. The plaintiff further sought a decree of the court that the plaintiff is not obligated to defend actions arising out of an accident occurring on June 25, 1950, or to pay any judgments thereon which might be recovered against the defendant, Ned Durell, who had owned policy No. A-122562 and certificate of renewal No. 34027. The issues were made up by the pleadings, to which reference is had. Judgment in the Common Pleas Court was for plaintiff. Defendants, appellants herein, are the insured, Ned Durell, sometimes known as George E. Durell, Jr.; the father, Edward Durell, mortgagee of the insured; certain persons injured in a collision with the insured; and the administrator of the estate of one of the persons killed in the collision.

The assignments of error on behalf of the defendants, appellants herein, are as follows:

1. The trial court erred in overruling the demurrer of these defendants filed on February 2, 1951.

2. That the trial court erred and abused its discretion in not impaneling a jury to find the facts in this case.

3. That the trial court erred in not sustaining the motion of defendants, made at the close of the plaintiff's evidence and renewed at the close of all of the evidence to dismiss the action.

4. That the finding of facts of the trial court is against the great weight of the evidence and thus contrary to law.

5. That the conclusions of law and the judgment of the trial court are erroneous and contrary to law.

6. Other errors of law apparent upon the face of the record upon rulings made by the trial court over the objections of defendants which were prejudicial to defendants.

The most serious questions raised by the assignments of error are these: (1) Was this case properly entertained as a

declaratory judgment action? (2) Did the court err in not impaneling a jury to find the facts in this case as requested by the defendants at the end of all the evidence and before judgment?

As to whether this is such a controversy as may be properly determined in a declaratory judgment action, that appears to be answered in *Travelers Indemnity Co.* v. *Cochrane, Jr.,* 155 Ohio St., 305, 98 N. E. (2d), 840, wherein paragraph one of the syllabus reads as follows:

"1. A controversy between an insurer and his insured under an automobile liability insurance policy as to the fact or extent of liability thereunder to persons injured as a result of the operation of the insured automobile or as to the insurer's obligation to defend the insured in an action for damages against him is an actual or justiciable controversy determinable by a declaratory judgment."

On the second question, namely, as to whether the right of trial by jury is preserved by the statute on declaratory judgments, we quote from the opinion of the Supreme Court in *Schaefer* v. *First National Bank of Findlay,* 134 Ohio St., 511, 18 N. E. (2d), 263. At page 517, the court quotes Section 12102-9 of the General Code (now essentially the same as Section 2721.10 of the Revised Code), and adds its comments:

" 'When a proceeding under this act involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.'

"Clearly this provision preserves the right of trial by jury in an action for a declaratory judgment in all cases in which the right exists.

"In the instant case there was no demand for a jury and consequently, if there was a constitutional right to have issues of fact submitted to a jury, the right was waived. * * *"

So it would seem from the latter case that it is undisputed, both under the statute and the decision of our Supreme Court, that factual questions in actions for recovery of money only, or for specific real or personal property, must still be submitted to a jury in a declaratory judgment suit unless the right of trial by jury is waived. On a question similar to the one that we

have in the instant case, we find the following language in *Travelers Indemnity Co.* v. *Cochrane, supra* (155 Ohio St., 305), in paragraph three of the syllabus:

"3. Where a declaratory judgment action involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions, and where, in a civil action by the insurer for the cancellation of an insurance policy on the ground that it has been breached by the insured, no money judgment or recovery of specific real or personal property is sought, the issue is properly triable to the court."

In addition, we quote the following from the opinion, at page 315:

"Here, no money judgment is sought by Travelers against either defendant, nor is this an action to recover 'specific real or personal property.' Travelers seeks a determination of its obligations to Cochrane under the insurance contract and its avoidance and cancellation as to him. A decree in its favor on this subject would relieve it from further efforts in his defense in the Eckerman suit. The case was properly triable to the court."

We have been favored by rather comprehensive findings of fact and conclusions of law, dated December 21, 1953, from the Common Pleas Court and by a decision rendered on the same day, which covers all issues raised by the pleadings. We have carefully examined the entire record of testimony together with the exhibits in this case and the briefs of counsel.. From this examination we conclude that, based upon the Supreme Court decisions cited in our opinion, there is no error in the judgment of the trial court and that its judgment is not against the manifest weight of the evidence.

*Judgment affirmed.*

PETREE, P. J., BRYANT and MILLER, JJ., concur.