Stewart, J.
The question before us is whether the insurance policy obligates the insurance company to defend the action of Fouts against plaintiff and to pay any judgment which may be rendered therein up to the limits of liability of the policy, by reason of plaintiff’s alleged unlawful act of selling B-B shot to a minor, with the result that injury to another occurred away from plaintiff’s premises.
This court has decided that an action for a declaratory judgment is appropriate to establish the obligations of an insurance company in a controversy between it and its insured as to the fact or extent of liability thereunder to persons injured through the wrongful act of the insured and as to the insurer’s *156 defense of. the insured in an action for damages against him. Travelers Indemnity Co. v. Cochrane, Jr., 155 Ohio St., 305, 98 N. E. (2d), 840.
This court has likewise held that “the duty of a liability insurance company under its. policy to defend an action against its insured is determined from the plaintiff’s petition, and when that pleading brings the action within the coverage of the policy of insurance, the insurer is required to make defense regardless of its ultimate liability to the insured.” Socony-Vacuum Oil Co. v. Continental Casualty Co., 144 Ohio St., 382, 59 N. E. (2d), 199.
In the present case, the action brought against plaintiff by Fouts is based upon the claim that the unlawful sale of B-B shot to a minor was a proximate cause in an uninterrupted sequence of an injury to Fouts, although the injury occurred away from the premises of plaintiff.
The provisions of the policy which we must interpret are as follows:
“the metropolitan casualty insurance company of new YORK
ÍÍ* * *
“Does hereby agree with the insured • * •
“insuring agreements
“I Coverage A — Bodily Injury Liability
“To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined.
<<* * •
“definition of hazards
“Division 1. Premises — Operations
“The ownership, maintenance or use, for the purposes stated in the declarations, of the premises, and all operations during the policy period which are necessary or incidental to such purposes.
*157 “Division 2. Elevators
a # * #
“Division 3. Products
“The handling or use of, the existence of any condition in or a warranty of goods or products manufactured, sold, handled or distributed by the named insured, other than equipment rented to or located for use of others but not sold, if the accident occurs after the insured has relinquished possession thereof to others and away from premises owned, rented or controlled by the insured or on premises for which the classification stated in division 1 of the declarations or in the company’s manual excludes any part of the foregoing; or operations, if the accident occurs after such operations have been completed or abandoned at the place of occurrence thereof and away from premises owned, rented or controlled by the insured, except (a) pick-up and delivery, (b) the existence of tools, uninstalled equipment and abandoned or unused materials and (c) operations for which the classification stated in division 1 of the declarations or in the company’s manual specifically includes completed operations; provided, operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to a service or maintenance agreement.
<< # * #
“II Defense, Settlement, Supplementary payments
“It is further agreed that as respects insurance afforded by this policy, the company shall
“(a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *
U+ * *
“exclusions
“This policy does not apply:
“(a) under division 1 of the definition of hazards * * * to liability with respect to which insurance is or can be afforded under division 3 of the definition of hazards * *
It is undisputed that plaintiff was insured only under division 1 of the definition of hazards.
*158 It will be observed that, under the provisions of the policy, plaintiff was insured against damages sustained by any person caused by accident and arising out of the hazards of division 1.
It is true that the accident for which damages are claimed against plaintiff arose away from plaintiff’s premises, and the insurance company strenuously maintains that the hazards under division 1 contemplate only accidents occurring upon the premises. However, the language of division 1 does not so state. Such division is only a desciúption of the hazard, and that was the alleged unlawful selling of the B-B shot on the premises of plaintiff. Assuredly, that was an operation necessary or incidental to the purpose for which the premises were used. There is no statement in the policy with reference to the place where the accident occurs, and if the insurance company intended to limit the place of the accident, as well as the incidents of the hazard, to the premises of plaintiff, it could easily have so stated in the policy.
It is axiomatic that in case of a genuine ambiguity or doubt as to the language of an insurance policy, the courts adopt a construction most favorable to the insured. This does not mean that there should be a straining of the meaning of the language in order to bind the insurer, or that, where there is no ambiguity, one should be invented in order to bind the insurer, but it does mean that, since the insurer writes the policy, the language, in the event of a real doubt, must be construed against the insurer. Bobier v. National Casualty Co., 143 Ohio St., 215, 54 N. E. (2d), 798, and American Policy Holders Ins. Co. v. Michota, 156 Ohio St., 578, 103 N. E. (2d), 817, 35 A. L. R. (2d), 448.
In the policy in the present case, plaintiff was insured against liability caused by accident. The policy has no statement as to where the accident must occur. The accident must arise out of the operation of the premises of the plaintiff, and it was in the operation of such premises that the alleged unlawful sale of the B-B shot occurred.
The insurance company strenuously contends also that, since the policy, under division 1 of the definition of hazards, does not apply to a liability with respect to which insurance is or can be accorded under division 3 of the definition of hazards, *159 and since such division 3 covers the claimed liability in the present ease, and since plaintiff did not buy insurance under division 3, the insurance company is not obligated to defend plaintiff in the action brought against him by Fouts.
A careful perusal of division 3, “Products,” discloses that it is concerned with reference to the existence of any conditions or warranty of goods or products manufactured, sold, handled or distributed by an insured, and that it is not applicable to the hazard described in division 1, upon which plaintiff must rely.
It is not claimed that the B-B pellets, which plaintiff’s employee is alleged to have sold to the boy, Lonnie St. Clair, were in any manner defective, or that there was any breach of warranty in the sale of them. In fact, there is nothing relative to the condition of the pellets themselves.
As was said by the Court of Appeals: “If the ammunition, with which we are concerned, had been sold by the insured to any of the counsel in this litigation, surely no cause of action could have been made against the store proprietor. The claimed liability arises here from the alleged minority of the child who made the purchase from the insured.”
It is obvious that the hazard in the present case was covered by division 1 of the definition of hazárds and was not covered by division 3. See Employers’ Liability Assurance Corp. Ltd., v. Youghiogheny & Ohio Coal Co., 214 F. (2d), 418.
The insurance company contends that it would be an anomolv to say that if the sale were made to an adult there could be no liability under the policy, whereas a sale made to a minor would create liability, and that such a situation would favor a wrongdoer as against a law-abiding person.
The obvious answer to such a contention is that insurance is sold to protect one against wrongdoing or negligence, and that an insurance company is not called upon for protection in the case of one who is obeying the law or is not negligent.
Doubtless if a groundless suit were brought, even against one guiltless of any wrongdoing or negligence, the insurance company would be obligated to defend the action.
In the present ease, it is not claimed that the insured him *160 self sold the B-B pellets, but that his agent was guilty of the illegal act.
We are of the opinion that the Court of Appeals was correct in affirming the judgment of the Court of Common Pleas, and, therefore, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

JJ V Weygandt, C. J., Zimmerman, Matthias, Bell and Herbert, concur.
Taft, J., not participating.