{¶ 40} I respectfully dissent from the majority's dismissal of this appeal. The trial court entered a declaratory judgment and this Court has jurisdiction to review it because it is a final appealable order. *Page 16 
 {¶ 41} Rivera, and later McCloud, asked the trial court to declare the death penalty unconstitutional. That was the name assigned to the motion and the language used at hearings. In its order, the trial court declared that the death penalty, as administered, was unconstitutional. The order declared the rights and obligations of parties to the action. Although the majority concludes that the trial court could not enter a declaratory judgment in a criminal case, the trial court's order did precisely that.
 {¶ 42} "A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations." Mid-American Fire and Cas. Co. v. Heasley,113 Ohio St. 3d 133, 2007-Ohio-1248, at ¶ 8 (citing Travelers Indemn. Co. v.Cochrane, 155 Ohio St. 305, 312 (1951)). A declaratory judgment's purpose is to dispose of uncertain obligations quickly and conclusively.Id. The trial court's order accomplished this goal.
 {¶ 43} The majority concludes that a trial court cannot enter a declaratory judgment in a criminal case. I agree that a trial court cannot do so, but that merely constitutes error; it does not render the order non-final. The motion before the trial court was "an ill-disguised request for . . . a declaratory judgment," State ex rel. Leslie v. OhioHous. Fin. Agency, 105 Ohio St. 3d 261, 2005-Ohio-1508, at ¶ 50, that the trial court willingly considered and granted. The Ohio Supreme Court has noted other instances where parties have used another procedural mechanism in an effort to obtain a declaratory judgment. For example, inState ex rel. Johnson v. Ohio Adult Parole Auth., 104 Ohio St. 3d 421,2004-Ohio-6590, at ¶ 12, the Supreme Court concluded that a review of a prisoner's mandamus action against the Adult Parole Authority revealed that "his true objectives are a declaratory judgment
 {¶ 44} I would conclude that the order on appeal is a final appealable order. I would reverse the trial court's decision because the matter was not ripe for decision. See, e.g., Neville *Page 17 v. Johnson, 440 F.3d 221, 222 (2006) (stating that "[a] challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review." (Emphasis added));Cooey v. Strickland, No. 2:04-cv-1156, 2008 WL 471536, at *13 (S.D. Ohio Feb. 15, 2008) (citing Neville and recognizing that "method-of-execution claims are ripe for adjudication" after a conviction has become final upon conclusion of direct review). *Page 1