[Cite as *Thrifty Propane, Inc. v. Natl. Propane Gas Assn.*, 2012-Ohio-6113.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

THRIFTY PROPANE, INC.

    Appellant

    v.

THE NATIONAL PROPANE GAS
ASSOCIATION, et al.

    Appellees

C.A. No. 11CA0086-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No. 10CIV0806

DECISION AND JOURNAL ENTRY

Dated: December 26, 2012

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Thrifty Propane sued the National Propane Gas Association for defamation and malicious civil prosecution, arguing that the Association had improperly complained to the Ohio Attorney General about its advertising practices. The Association counterclaimed, arguing that Thrifty's claims were frivolous and seeking attorney fees. Thrifty also sued the Attorney General, seeking to prohibit him from requiring Thrifty to enter into an assured voluntary compliance agreement. The trial court dismissed Thrifty's claims against the Attorney General because it determined that it could not enjoin the Attorney General from performing his statutory duties. It awarded judgment on the pleadings to the Association because it determined that Thrifty's claims were barred under the statute of limitations and that any statements that the Association made to the Attorney General were privileged. It also entered judgment for the Association on its counterclaim. Thrifty has appealed, arguing that the trial court incorrectly

awarded judgment on the pleadings to the Association and incorrectly ordered it to pay the Association's attorney fees. We affirm because the Association's statements to the Attorney General are protected by absolute privilege and the court correctly found Thrifty liable for the Association's attorney fees.

## BACKGROUND

{¶2} According to Thrifty, it supplies a better grade of propane to users than its competitors. In 2006, it created an advertisement explaining the difference in which it referred to its competitors' product as "slop." The Association complained to the Attorney General about the advertisement, but Thrifty was able to resolve the issue in its favor because the term "slop" has a recognized technical meaning. In 2008, the Association complained to the Attorney General about another Thrifty advertisement. According to Thrifty, although the complaint is baseless, the Attorney General has refused to resolve the issue informally because of the prior investigation. Thrifty does not want to engage in a formal proceeding because its competitors could then characterize it as engaging in allegedly deceptive practices. It, therefore, filed an action seeking to enjoin the Attorney General from requiring it to go through the formal resolution process. It also sued the Association for initiating the allegedly unwarranted investigations.

{¶3} The trial court dismissed Thrifty's claim against the Attorney General because it determined that the Attorney General has a statutory duty to investigate deceptive advertisements. It awarded judgment on the pleadings to the Association because Thrifty did not file its action until 2010, which was outside the one-year statute of limitations. It also determined that anything that the Association reported to the Attorney General could not provide the basis for a cause of action because such statements are protected by absolute privilege. It

further determined that Thrifty had failed to allege all of the elements of a malicious civil prosecution claim. Following a hearing on the Association's counterclaim, it found that Thrifty's claims were frivolous and ordered Thrifty to pay the Association's attorney fees.

## JUDGMENT ON THE PLEADINGS

{¶4} Thrifty's first assignment of error is that the trial court incorrectly awarded judgment on the pleadings to the Association. It has argued that the court incorrectly determined that its claims were barred by the statute of limitations and that the Association's statements to the Attorney General were privileged.

{¶5} Although motions under Rule 12(B)(6) and (C) of the Ohio Rules of Civil Procedure are similar, Rule 12(C) motions "are specifically for resolving questions of law . . . ." *State ex rel. Midwest Pride IV Inc. v. Pontious*, 75 Ohio St. 3d 565, 570 (1996). Civil Rule 12(C), "requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *Id*. We review the trial court's decision de novo. *Pinkerton v. Thompson*, 174 Ohio App. 3d 229, 2007-Ohio-6546, ¶ 18.

{¶6} Regarding the statute of limitations, Thrifty has argued that, although the Association complained to the Attorney General about its advertisements in 2006 and 2008, the Association's communications with the Attorney General were confidential. According to Thrifty, it did not learn that it was the Association that triggered the Attorney General's investigations until early 2010. It, therefore, has argued that its claims are timely. *See* R.C. 2305.11(A) (providing one-year limitations period for libel and malicious prosecution actions). Regarding privilege, Thrifty does not dispute that a complaint to the Attorney General raising a claim of deceptive advertising is generally entitled to an absolute privilege against civil liability. *See M.J. DiCorpo Inc. v. Sweeney*, 69 Ohio St. 3d 497, paragraph one of the syllabus (1994)

(holding that a statement to a prosecuting attorney regarding the possible commission of a crime is privileged if it bears some reasonable relation to the activity reported). Rather, it has argued that the fact that it eventually learned that it was the Association that made the complaints demonstrates that the Association must have also communicated its complaints to a third-party, which destroyed the privilege.

{¶7} We will begin with Thrifty's privilege argument because it is dispositive. According to Thrifty, there is a statement in its amended complaint that can be construed as an allegation that the Association's communications with the Attorney General are not privileged. In paragraph 11, Thrifty alleged that, "[u]pon learning that the [Association] intended to complain about Thrifty Propane's advertising claims to the Federal Trade Commission because its results with [the] state attorneys general were unsatisfactory in early 2010, Thrifty was alerted to likelihood that the [Association] had made the 2006 and 2008 complaints to the Ohio Attorney General. Thrifty made efforts to confirm this and found that the [Association] had complained to the Ohio Attorney General on both occasions." According to Thrifty, the only source that could have alerted it to the likelihood that it was the Association that complained to the Attorney General was "a party other than the [Association], to which the [Association] had communicated its false statement regarding [Thrifty's] advertising. As such, [Thrifty] put before the court . . . the allegation of a separate, unprivileged publication to a third party."

{¶8} The language in paragraph 11 of the amended complaint does not support Thrifty's contention. The paragraph suggests that someone told Thrifty that the Association intended to file a complaint against it with the Federal Trade Commission and that Thrifty inferred from that information that it had been the Association that filed the complaints with the Attorney General. The paragraph does not indicate who told Thrifty about the Association's

plan to complain to the Federal Trade Commission. It could have been a third-party, the Attorney General, or even the Association itself. Even if it was a third-party, it does not identify the source of the third-party's information. The third-party could have obtained its knowledge of the Association's intentions from someone other than the Association. Furthermore, even if the Association told a third-party that it intended to complain to the Federal Trade Commission about Thrifty's advertising practices because it was dissatisfied with the Attorney General's investigation of its complaint, the mere fact that it told others that it had reported Thrifty to the Attorney General does not support a claim for libel. *See Am. Chem. Soc. v. Leadscope Inc.*, __ Ohio St. 3d __, 2012-Ohio-4193, ¶ 77 (providing that one of the elements of a defamation claim is a "false statement of fact"). Regarding Thrifty's claim for malicious prosecution, Thrifty has not cited any authority that suggests that a party forfeits an absolute privilege simply by telling others that it engaged in privileged communications rather than disclosing the actual contents of the communication. *See State v. Post*, 32 Ohio St. 3d 380, 386 (1987) (concluding that defendant breached the confidentially of his statement to a polygraph examiner because he revealed its contents to a fellow inmate); *Travelers Indem. Co. v. Cochrane*, 155 Ohio St. 305, 316 (1951) (explaining that client destroyed privilege by voluntarily disclosing the contents of a statement to others); *Patterson v. Patterson*, 4th Dist. No. 97CA654, 1998 WL 880494, *6 (Dec. 14, 1998) ("[P]rivilege is destroyed by the voluntary disclosure to others of the content of the statement.").

{¶9} Upon review of Thrifty's amended complaint, we conclude that the trial court correctly determined that the Association's complaints to the Attorney General were protected by absolute privilege and, therefore, could not provide the basis of Thrifty's libel and malicious prosecution claims. Thrifty's first assignment of error is overruled.

ATTORNEY FEES

{¶10} Thrifty's second assignment of error is that the trial court incorrectly ruled that Thrifty must pay the Association's attorney fees. The sole argument that Thrifty has raised in its brief is that the award of attorney fees was improper because the court incorrectly entered judgment on the pleadings for the Association. According to Thrifty, because its lawsuit was proper, any cause of action arising from the defense of the suit is without merit. In light of our conclusion that the trial court correctly entered judgment on the pleadings for the Association, we conclude that Thrifty's argument is without merit. Thrifty's second assignment of error is overruled.

CONCLUSION

{¶11} The trial court correctly entered judgment on the pleadings in favor of the Association. It also correctly found in favor of the Association on the Association's counterclaim. The judgment of the Medina County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶12} I concur in the majority's judgment. I cannot agree with the majority's conclusion that the Association's communications to the Attorney General were absolutely privileged. The legal precedent cited in support pertains to the notion that the action of notifying a prosecutor about a crime is absolutely privileged. *See M.J. DiCorpo Inc. v. Sweeney*, 69 Ohio St. 3d 497 (1994), syllabus. Here, the communications at issue did not pertain to criminal activity. According to the Ohio Supreme Court, the contours of absolute privilege are narrowly drawn. *Costanzo v. Gaul*, 62 Ohio St.2d 106, 109 (1980) ("The application of an absolute privilege is to be found in only very limited areas of activity in our society."). Thus, with respect to the Association's communications, it seems more probable that they were subject to a qualified privilege. *See generally Costanzo v. Gaul*, 62 Ohio St.2d 106 (1980) (discussing absolute and qualified privileges). However, resolution of that issue is not necessary. At a hearing on the Attorney General's motion to dismiss, Thrifty agreed that the Association's reports to the Attorney General were privileged. While Thrifty later asserted that the privilege

was broken by communications to a third party, it never disagreed that the reports were initially privileged. Accordingly, to the extent that it was erroneous for the trial court to conclude that reports were privileged, Thrifty seems to have invited that error. *See State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 254 (1995).

**{¶13}** Further, I do not think Thrifty's amended complaint contains allegations which even imply that any privilege was broken. Thrifty's amended complaint is confusing, and it is difficult to even discern what claims it is making.

**{¶14}** I also see no reason to address whether Thrifty's malicious prosecution claim should have survived a motion for judgment on the pleadings. It does not appear that Thrifty is challenging the trial court's ruling on that issue. Nonetheless, even if it were before us, I agree with the trial court that Thrifty failed to allege facts that would support a claim for malicious prosecution. Accordingly, I concur in the majority's judgment.

APPEARANCES:

DAVID C. EISLER, Attorney at Law, for Appellant.

CAROLINE PETRO GATELY and WILLIAM P. YOUNG, Attorneys at Law, for Appellee.