ERIE INSURANCE GROUP ET AL., APPELLEES, *v.* FISHER; HESS, APPELLANT.

[Cite as Erie Ins. Group *v.* Fisher (1984), 15 Ohio St. 3d 380.]

(No. 84-43—Decided December 31, 1984.)

*Messrs. Graham, Dutro & Nemeth* and *Mr. John C. Nemeth,* for appellees.

*Bradley & Farris Co., L.P.A., Mr. Philip R. Bradley* and *Mr. Richard D. Topper, Jr.,* for appellant.

J. P. CELEBREZZE, J. This appeal presents two issues for resolution. First, under what circumstances does the right to a jury trial exist in a declaratory judgment action? Second, once initial permission has been granted to use an automobile, for what scope of operations does the user remain a permitted user for purposes of coverage under the omnibus clause of an insurance policy?

A controversy between an insurer and its insured as to its liability or duty to defend is properly determinable by a declaratory judgment action. *Travelers Indemnity Co.* v. *Cochrane* (1951), 155 Ohio St. 305 [44 O.O. 302], paragraph one of the syllabus. R.C. 2721.10 provides for jury trial in declaratory judgment actions as follows:

"When a proceeding under sections 2721.01 to 2721.15, inclusive, of the Revised Code, involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

In *Cochrane, supra,* at 314, this court construed the predecessor to R.C. 2721.10 (G.C. 12102-9) and stated that "[d]epending upon the character of the declaratory judgment sought, the action may be tried either to a jury or to a court. The question is determined as in other civil actions."

R.C. 2311.04 provides for the right to a jury trial in civil actions as follows:

"Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. *Issues of fact arising in actions for the*

*recovery of money only, or specific real or personal property, shall be tried by a jury,* unless a jury trial is waived, or unless all parties consent to a reference under the Rules of Civil Procedure.

*"All other issues of fact shall be tried by the court,* subject to its power to order any issue to be tried by a jury, or referred." (Emphasis added.)

In *Cochrane,* this court held that in an action whereby the insurer merely sought a determination of its obligations to the insured and sought the avoidance and cancellation of the policy as to the insured, and did not seek a decree relating to "the recovery of money only," the question was properly one for the court. It was further held to be the province of the court to ascertain the facts necessary to construe the contract and determine the obligations of the insurer. However, the right to trial by jury does exist in a declaratory judgment action which is between an insurer and the insured or the injured party, and which is for the recovery of money. See *Ohio Farmers Indemnity Co.* v. *Chames* (1959), 170 Ohio St. 209 [10 O.O.2d 164]; *Travelers Indemnity Co.* v. *Cochrane, supra; Schaefer* v. *First Natl. Bank* (1938), 134 Ohio St. 511 [13 O.O. 129]; *Harleysville Mut. Ins. Co.* v. *Santora* (1982), 3 Ohio App. 3d 257; R.C. 2721.10 and 2311.04. The courts of other states which have also enacted the Uniform Declaratory Judgments Act have consistently held that the right to a jury trial exists in such an action. See Annotation (1950), 13 A.L.R. 2d 777. Where the issues for resolution are legal rather than equitable, attempts to circumvent the right to a jury trial by the filing of complaints which facially sound in equity have been rejected by the courts. *Gordon* v. *Continental Cas. Co.* (1983), 91 App. Div. 2d 987, 457 N.Y.Supp. 2d 844; *Utica Mut. Ins. Co.* v. *Beers Chevrolet Co.* (1937), 250 App. Div. 348, 294 N.Y.Supp. 82; *American Employers Ins. Co.* v. *Wentworth* (1939), 90 N.H. 112, 5 A. 2d 265. The right to a jury trial depends on the issues involved rather than the form in which they are presented.

Erie maintains that, like the action in *Cochrane,* this is an equitable action to construe the policy and determine whether the contractual obligations to the insured still exist. Erie asserts, therefore, that in this action, it was the province of the court to determine the necessary facts (*i.e.,* the scope of the permission granted to Fisher).

Hess contends, however, that the present action is in reality one for the recovery of money. R.C. 3929.06 provides that a person who obtains a judgment against an insured shall be entitled to file a supplemental petition against the insurer to obtain payment. Inasmuch as such an action would be for "the recovery of money only," the right to trial by jury would attach. Hess' position is that in such an action by her against Erie the issue would again be whether Fisher was an insured at the time of the accident. However, the factual determination of the scope of permission granted to Fisher would be made by a jury. Hess' contention is that although the present action is styled as one in equity to construe a contract, its actual purpose is to determine whether Erie will be liable in an action for "the recovery of money only."

The record does not support Hess' contention. Erie and Starkey brought this action *only against Fisher* to determine Erie's obligations to Fisher, and not to recover money. This could not have been an attempt to determine any monetary obligation to Hess, as any findings would not be binding upon a person who was not a party to the action. See *Goodson* v. *McDonough Power Equip., Inc.* (1983), 2 Ohio St. 3d 193. *Cochrane* clearly provides that such an action between insurer and insured is properly triable to the court. It was in this equitable action that Hess chose to intervene. If Hess had not intervened, she would have been free to bring her own legal action against Erie to determine whether Fisher was an insured.

Accordingly, we hold that a declaratory judgment action filed by an insurer against an insured, the purpose of which is to construe an insurance policy and determine the insurer's obligations to the insured, and is not for the purpose of determining liability in an action for the recovery of money, is properly triable to the court.

Next, Hess challenges the merits of the determination that Fisher was not an insured at the time of the accident. Whether he was an insured turns on whether he was operating the vehicle within the scope of the permission granted, express or implied.

Hess urges this court to adopt the "liberal" or "initial permission rule" for determining whether the use of a vehicle is within the scope of the permission granted. The rule provides that when an owner of a motor vehicle initially consents to its use by a permittee, subsequent use by the permittee, short of conversion or theft, remains permissive, notwithstanding that the use exceeded limitations included in the initial grant of permission. *Milbank Mut. Ins. Co.* v. *United States Fidelity & Guaranty Co.* (Minn. 1983), 332 N.W. 2d 160.

This issue was recently addressed by this court in *Frankenmuth Mut. Ins. Co.* v. *Selz* (1983), 6 Ohio St. 3d 169, wherein we reaffirmed the minor deviation rule as adopted in *Gulla* v. *Reynolds* (1949), 151 Ohio St. 147 [39 O.O. 2]. *Selz* provided at 171 that:

"[W]here the use of the property deviates only slightly from the purpose for which permission was initially granted, the standard omnibus clause in a liability insurance policy will be interpreted to extend coverage. However, if the use represents a complete departure or gross deviation from the scope of permission, no coverage will be afforded."

The initial permission rule was rejected, as it "lends itself to gross abuse by an unscrupulous individual who, in violation of his express instructions, might retain possession of the automobile indefinitely and operate it over unlimited territory with the insurance still in effect." *Gulla* v. *Reynolds, supra,* at 154. As this rationale remains valid, we decline appellant's invitation to adopt the initial permission rule.

The trial court determined that Fisher did not have permission, implied or express, for purposes other than work and minor personal uses, and that his use of the van on the night of the accident constituted a gross departure from the scope of his permission. As this determination was

supported by competent credible evidence, it will not be reversed on appeal. *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O. 3d 261].

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.