CITY OF CINCINNATI, Appellee,

v.

TIMBERLINE PROPERTIES, INC., Appellant.

[Cite as *Cincinnati v. Timberline Properties, Inc.* (1996), 113 Ohio App.3d 329.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950704.

Decided Aug. 7, 1996.

**330**

*Fay D. Dupuis,* City Solicitor, *Terrence Cosgrove* and *Roshani De Soyza Hardin,* Assistant City Solicitors, for appellee.

*George P. Brandenburg,* for appellant.

HILDEBRANDT, Judge

Defendant-appellant, Timberline Properties, Inc., appeals from the judgment of the Hamilton County Municipal Court in which that court declared that ordinances pertaining to the Stormwater Management Utility of the plaintiff-appellee, city of Cincinnati, were constitutional. In its assignment of error, appellant challenges the trial court's failure to permit its claim for declaratory relief challenging the constitutionality of the ordinances to be submitted to a jury.[1] The assignment is without merit.

We first question whether there exists a question of fact. The "factual" issues that appellant claims need to be resolved, *i.e.,* the number of sewerage systems and whether the spirit of a statute[2] is violated, appear to involve the construction and interpretation of the applicable ordinances and statutes. Statutory construction and interpretation are issues for legal resolution. Even if we

---

1. Appellant's request for declaratory judgment was presented in its counterclaim against the city.

2. Presumably, the statute referred to is R.C. 729.45 or 729.52.

assume, however, that these are factual issues, the trial court did not err in not allowing appellant a jury trial.

R.C. 2721.10, which provides for a jury trial in a declaratory judgment action, states:

"When a proceeding under sections 2721.01 to 2721.15, inclusive, of the Revised Code, involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

The right to a jury trial in civil actions is set forth by R.C. 2311.04, which provides:

"Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or unless all parties consent to a reference under the Rules of Civil Procedure.

"All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred."

Because appellant's demand for a declaration as to the constitutionality of the city's ordinances did not seek money, specific realty or personal property, it was not entitled to a jury trial on that issue. See *Erie Ins. Group v. Fisher* (1984), 15 Ohio St.3d 380, 15 OBR 497, 474 N.E.2d 320; *Clark v. Woodmere* (1985), 28 Ohio App.3d 66, 28 OBR 107, 502 N.E.2d 222; *Mentor v. Nozik* (Sept. 23, 1994), Lake App. No. 93–L–130, unreported, 1994 WL 613779. Therefore, appellant's assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., and SUNDERMANN, J., concur.