[Due to this being an issue of first impression, this matter is being decided en banc].
This cause comes on appeal from a January 7, 1999 judgment entry of the Common Pleas Court of Jefferson County, Ohio overruling the motions for summary judgment of Mestek, Inc. and Wheeling-Pittsburgh Steel Corporation. The order appealed was entered pursuant to Civ.R. 54 and is marked as a final appealable order. Initial appeal was filed by counsel for Mestek, Inc. on January 12, 1995. Wheeling-Pittsburgh Steel filed a Notice of Appeal on February 4, 1999.
Appellee Robert Tribett was seriously injured as the result of an industrial accident. In discussing the respective motions for summary judgment filed by the employer and the company that succeeded the company that designed the mill components which were involved in the accident, the trial court identified certain issues of fact warranting overruling the motions for summary judgment.
On January 19, 1999 appellees filed a motion to dismiss this appeal for the reason that denial of a motion for summary judgment is not a final appealable order.
On January 28, 1999 appellant filed a response and requested the scheduling of oral argument on the motion to dismiss. The scenario was repeated after Wheeling-Pittsburgh filed its appeal.
Appellant asserts that 1998 amendments to R.C. 2505.02 now qualify the order appealed as subject to immediate review. That section recites in toto:
"Sec. 2505.02. (A) AS USED IN THIS SECTION:
 "(1) 'SUBSTANTIAL RIGHT' MEANS A RIGHT THAT THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION, A STATUTE, THE COMMON LAW, OR A RULE OF PROCEDURE ENTITLES A PERSON TO ENFORCE OR PROTECT.
 (2) 'SPECIAL PROCEEDING' MEANS AN ACTION OR PROCEEDING THAT IS SPECIFICALLY CREATED BY STATUTE AND THAT PRIOR TO 1853 WAS NOT DENOTED AS AN ACTION AT LAW OR A SUIT IN EQUITY.
 (3) 'PROVISIONAL REMEDY' MEANS A PROCEEDING ANCILLARY TO AN ACTION, INCLUDING, BUT NOT LIMITED TO, A PROCEEDING FOR A PRELIMINARY INJUNCTION, ATTACHMENT, DISCOVERY OF PRIVILEGED MATTER, OR SUPPRESSION OF EVIDENCE.
 (B) AN ORDER IS A FINAL ORDER THAT MAY BE REVIEWED, AFFIRMED, MODIFIED, OR REVERSED WITH OR WITHOUT RETRIAL, WHEN IT IS ONE OF THE FOLLOWING:
 (1) An order that affects a substantial right in an action THAT in effect determines the action and prevents a judgment.
 (2) AN order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.
 (3) AN order that vacates or sets aside a judgment or grants a new trial.
 (4) AN ORDER THAT GRANTS OR DENIES A PROVISIONAL REMEDY AND TO WHICH BOTH OF THE FOLLOWING APPLY:
 (a) THE ORDER IN EFFECT DETERMINES THE ACTION WITH RESPECT TO THE PROVISIONAL REMEDY AND PREVENTS A JUDGMENT IN THE ACTION IN FAVOR OF THE APPEALING PARTY WITH RESPECT TO THE PROVISIONAL REMEDY.
 (b) THE APPEALING PARTY WOULD NOT BE AFFORDED A MEANINGFUL OR EFFECTIVE REMEDY BY AN APPEAL FOLLOWING FINAL JUDGMENT AS TO ALL PROCEEDINGS, ISSUES, CLAIMS, AND PARTIES IN THE ACTION.
 (5) AN ORDER THAT DETERMINES THAT AN ACTION MAY OR MAY NOT BE MAINTAINED AS A CLASS ACTION.
 (C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.
 (D) THIS SECTION APPLIES TO AND GOVERNS ANY ACTION, INCLUDING AN APPEAL THAT IS PENDING IN ANY COURT ON THE EFFECTIVE DATE OF THIS AMENDMENT AND ALL CLAIMS FILED OR ACTIONS COMMENCED ON OR AFTER THE EFFECTIVE DATE OF THIS AMENDMENT. NOTWITHSTANDING ANY PROVISION OF ANY PRIOR STATUTE OR RULE OF LAW OF THIS STATE."
Appellant posits three issues for consideration under the amended law: (1) whether summary judgment is a "provisional remedy"; (2) whether denial of a motion for summary judgment prevents the remedy of summary judgment; and (3) whether an appeal of the denial of a motion for summary judgment after a lengthy and expensive trial is an effective remedy.
At the outset we note that it is immaterial whether the trial court included Civ.R. 54(B) language in the order with an intent to make the order appealable. The parties acknowledge that the inclusion of such language does not qualify the order as being immediately appealable. Noble v. Caldwell (1989),44 Ohio St.3d 92. It is also conceded that under former R.C.2505.02 the denial of a motion for summary judgment was not a final order. Celebrezze v. Netzly (1990), 51 Ohio St.3d 89.
Appellants cite to Continental Ins. Co. v. Whittington
(1994), 71 Ohio St.3d 150, for its position that a party who is rightfully entitled to summary judgment, but whose motion is wrongly denied, has forever lost its remedy once a trial is conducted.
In Whittington an employee used a company van for his personal use, which exceeded the scope of permission granted by his employer. The insurance company filed a declaratory judgment and was denied summary judgment, even though arguably the only evidence in the record at that time conclusively established that the employee was using the company van for his personal use without permission. The trial court had determined there existed issues of material fact regarding the scope of permitted use. At trial, the driver of the vehicle testified that he had lied in earlier deposition testimony wherein he had claimed no prior knowledge of authorized personal use of company vehicles. At trial, the driver testified that it was a matter of custom and practice that company vehicles were used for personal purposes. In discussing the rules of "initial permission" and "minor deviation" the trial court proceeded as follows:
 "Following the presentation of evidence, the jury was asked to determine whether Sonner had express or implied permission to use the van for personal purposes at the time the accident occurred — i.e.,
whether Sonner was an 'insured' within the meaning of Section II(A)(1)(b) of the policy. The trial court also instructed the jury on the 'minor deviation' rule of Gulla, supra. The trial court rejected appellant Smith's request that the jury be instructed on the so-called 'initial permission' rule. The initial permission' rule, which has been rejected in this state on a number of previous occasions, provides that when an owner of a motor vehicle consents to its use by a permittee, any subsequent use by the permittee remains permissive short of conversion or theft of the vehicle, notwithstanding that the subsequent use exceeds limitations included in the initial grant of permission. See Erie, supra, 15 Ohio St.3d 380, 383, 15 OBR 498, 500, 474 N.E.2d 320, 323.
 In response to specific interrogatories, the jury found that (1) Sonner did not have express permission to use the van at the time of the accident, (2) Sonner had *154 the implied permission of Whittington, Brinley, or both, d.b.a. Whittington Produce, to operate and use the vehicle at the time of the accident, and (3) Sonner's use of the van at the time of the accident did not deviate from the permission originally granted to him by Whittington. Accordingly, the trial court entered judgment in accordance with the jury's findings, holding that Sonner was an 'insured' under the policy and that coverage for the accident was therefore available."
On appeal as of right the judgment was reversed based on the record before the trial court when it considered the motion for summary judgment.
 "Specifically, the court of appeals, reviewing the record as it existed at the time the trial court denied the motion, held that the deposition testimony of Whittington, Sonner, Hawes and Thomas Sonner demonstrated that Sonner had no permission, express or implied, to use the vehicle for personal purposes, and that Sonner's use of the vehicle at the time of the accident grossly deviated from the scope of permission originally granted to him by Whittington. On this basis, the court of appeals reversed the judgment of the trial court and ordered that summary judgment be entered in favor of Continental."
In reversing the court of appeals, the Ohio Supreme Court stated that even if it was error to deny the motion for summary judgment, it was not reversible error and that substantial justice was done at the trial court level following trial on the merits. Since the evidence adduced at trial revealed the existence of genuine issues of material fact, any error in the denial of the motion was rendered moot or harmless since a full and complete development of the facts at trial (as opposed to the limited factual evidence elicited upon discovery) showed that appellants were entitled to judgment. The court held as follows:
 "We hold that any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made. (FN3) In so holding, we are persuaded by Graham v. Pavarini
(1983), 9 Ohio App.3d 89, 9 OBR 140, 458 N.E.2d 421, wherein an Ohio appellate court held, at paragraph three of the syllabus, that '[a]ny error by the denial of a [642 N.E.2d 620] summary judgment is rendered moot or harmless where evidence at a subsequent trial on the same issues demonstrates that there were genuine issues of material fact and that evidence supported a judgment for the party opposing summary judgment.' See, also, Sanders v. Mt. Sinai Hosp. (1985), 21 Ohio App.3d 249, 256, 21 OBR 292, 300, 487 N.E.2d 588, 596 ('We need not evaluate the evidentiary materials supporting and opposing the hospital's summary judgment motion on this issue. Any error in denying that motion is moot or harmless, even if it had merit when the court denied it. Graham v. Pavarini (1983), 9 Ohio App.3d 89, 95 [9 OBR 140, 146, 458 N.E.2d 421, 428]. The subsequent trial demonstrated that there was a genuine issue of material fact on this subject.') But, see, Love v. Motorists Mut. Ins. Co. (1993), 86 Ohio App.3d 394, 620 N.E.2d 987. We are also persuaded by the fact that courts throughout this country generally hold that the denial of a motion for summary judgment is not a point of consideration in an appeal from a final judgment entered following a trial on the merits.
* * *
 We hold only that where, as here, a motion for summary judgment is denied upon a finding that genuine issues of material fact exist that must be determined at trial, and the subsequent trial on the issues raised in the motion supports a final judgment for the party against whom the motion was made, that final judgment is not to be disturbed solely because it might have appeared before trial that no genuine issue of material fact existed."
Under the above analysis we question whether or not this decision partially eviscerates Civ.R. 56. If a trial court erroneously denies summary judgment, the losing party cannot challenge that judgment on a later appeal when evidence adduced at trial demonstrates that there existed genuine issues of material fact.
It appears that the Whittington decision places a trial court in the protected position of never committing prejudicial error by denying a motion for summary judgment.
We cannot discern the reason for the Supreme Court to allow evidence adduced at trial to ex post facto establish the basis for finding that a genuine issue of material fact existed so as to justify overruling a motion for summary judgment. In the case history to Whittington the court noted that certain parties, including former employees of the company, who were in the vehicle when it crashed, opposed the motion for summary judgment, arguing that a question of fact of implied permission for personal use existed. Inasmuch as the former employees were deposed on August 22, 1990 and the trial court did not rule until November 9, 1990, it can reasonably be inferred that the trial court had their deposition testimony at the time it rendered its judgment. Such evidence, in and of itself, would appear to be sufficient to overrule the insurance company's motion for summary judgment by creating an issue of material fact.
We now turn to the issue before this court.
Appellant first asserts that a motion for summary judgment is a "provisional remedy." We disagree. R.C. 2505.02(A)(3) defines provisional remedy as:
 "* * * a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter or suppression of evidence."
Appellant maintains that a proceeding for summary judgment is determined in a similar fashion to other pre-trial motions and is analogous to the enumerated examples of provisional remedies. We disagree. It is not provisional. It is the remedy.
A grant of summary judgment is fully determinative of the underlying litigation. It could very well resolve all claims between the litigants or several of the litigants involved. Its very term grants judgment on pending claims. It is not an ancillary[1] proceeding addressing a specific or limited issue involved and does not meet the definitional criteria of a 'provisional remedy."
Having determined that a summary judgment is not a "provisional remedy," we need not discuss whether it meets the two statutory criteria for provisional remedies to be subject to review.
Appellant also argues that immediate review is proper so as to avoid a lengthy and expensive trial when summary judgment should be granted in its favor. Otherwise, it is argued that appellant can never effectively appeal the denial of a motion for summary judgment. Appellant contends that the legislature contemplated this when expanding the final order statute to permit such appeals.
In conjunction with researching the legislative reason for expanding R.C. 2505.02, relative to other pending appeals, we have found no such reasoning expressed. In civil matters the only cases discussed were ones involving disclosure of the name of an HIV infected blood donor and disclosure to a suspected child abused of abuse reports. Judicial testimony before the House Judiciary Committee is directed to an intent to codify the holding in Amato v. General Motors Corp. (1981), 67 Ohio St.3d 253, adopting a balancing test between the potential waste of time and resources from an immediate appeal against the urgency of the need for review and the potential for irreversible harm.[2]
There is no clear expression in committee notes, testimony, or the act itself to support a claim that the denial of a motion for summary judgment is within the realm of an appealable order.
While we certainly understand appellant's position that failure to permit an immediate appeal will entail a substantial effort and cost in trying the case, in light of theWhittington, supra decision, prior established case law clearly holding that such order was not subject to immediate review, and the absence of any clear specific language empowering this court to review such order at this time, we decline the invitation to do so.
Motion to dismiss this appeal for lack of an appealable order is sustained. Appeal dismissed.
Costs of this appeal taxed against appellant.
 ________________________ JUDGE EDWARD A. COX
 ________________________ JUDGE GENE DONOFRIO
 ________________________ JUDGE JOSEPH J. VUKOVICH
 ________________________ JUDGE CHERYL L. WAITE
[1] "Ancillary" is defined as subordinate, subsidiary, auxiliary supplementary by Webster's Seventh New Collegiate Dictionary. Summary judgment is not ancillary to the litigation.
[2] We note, however, that Amato, supra was overruled in Polikoffv. Adam (1993), 67 Ohio St.3d 100, and Polikoff is the controlling law in this state. It is for the Ohio Supreme Court to reconsider the Polikoff decision or the Ohio Legislature to legislatively change existing law — not this court.