[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his two assignments of error, the defendant-appellant, Robert J. Bulach, asserts that the trial court erred when it determined, in a declaratory-judgment action, that the Westfield Insurance Company, the plaintiff-appellee, was not obligated to provide a defense to the driver of a vehicle that struck Bulach, or to compensate Bulach for his injuries under the terms of the insurance policy in question. For the reasons that follow, we affirm.
Bulach was seriously injured when his car was struck by a van driven by Mark Putnick in the early morning hours of New Year's Day of 1999. Putnick was employed as a service technician for Allied Plumbing, the owner of the van. Allied had provided Putnick with the van for his daytime employment. Although Putnick kept the van overnight at his residence, he was specifically prohibited from using the van for his own purposes after his shift was over. Rather, Putnick was required to drive the van home and keep it there once his shift ended. The only exception to this rule was certain authorized uses related to family emergencies.
The parties do not dispute that on New Year's Eve, December 31, 1998, Putnick did not drive immediately home when his shift ended at 5:30 p.m. Rather, Putnick drove in the van to a bar and then stayed out drinking for a period of nine hours, in the course of which he changed out of his official work clothes. During that time period, Putnick left the bar where he was drinking, drove in the van to a female friend's apartment ten miles away, and then returned to the bar. Putnick finally left the bar at around 3:30 a.m. On the way home, Putnick crashed the van into a car driven by Bulach.
The insurance policy in question was between Allied and Westfield. Putnick was not a named insured. Bulach argues, however, that coverage was triggered by the provision in the policy defining an insured as anyone using the covered vehicle with the company's permission. In denying coverage under this section, the trial court found that Putnick did not have permission, either express or implied, to use the van for his personal excursions on New Year's Eve.
In challenging this ruling, Bulach argues that, no matter what his earlier personal use of the van, Putnick was acting within the scope of his employment, and therefore with the permission of Allied, when he left the bar to drive home. We agree with the trial court, however, that Putnick's nine-hour personal excursion at the end of his shift, which was totally unrelated to his employment, terminated his permissive use of the van. While Putnick had the permission, as well as the responsibility, to drive the van home directly after work, that permission clearly did not encompass the use of the van to drive home after a night of personal celebration and alcohol consumption. Such a prolonged personal use of the van was, as matter of law, a gross deviation from the scope of the permission granted. See Erie Ins. Group v. Fisher (1984), 15 Ohio St.3d 389,474 N.E.2d 320, and Westfield Insurance Co. v. Grange Mutual CasualtyCompany (Nov. 17, 1986), Wyandot County App., unreported.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and WINKLER, JJ.