This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Toro K. Berry, appeals from the decision of the Summit County Court of Common Pleas which granted the motion for summary judgment of Appellee, Allstate Insurance Company, motion for summary judgment. We affirm.
 {¶ 2} On June 13, 2001, Appellant was injured in an automobile accident. On October 29, 2001, Appellant filed a complaint against Appellee, Kevin Porter ("Porter"), owner of the vehicle in which Appellant was injured, and Eric Mosley ("Mosley"), who was the driver of the vehicle in which Appellant was a passenger. An amended complaint was then filed which named Appellee as an additional party. Mosley failed to appear and default judgment was rendered against him.
 {¶ 3} Thereafter, Appellant moved for summary judgment seeking a declaration that the insurance policy Appellee issued to Porter provided uninsured motorists (UM) coverage to Appellant. Appellee then moved for summary judgment seeking a declaration that the Appellant was not entitled to UM coverage under the policy. Upon consideration, the trial court granted Appellee's motion for summary judgment and denied Appellant's motion. It is from this decision that Appellant appeals asserting one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court committed reversible error by granting summary judgment in favor of Appellee * * * despite evidence which was properly submitted to the trial court and which when taken in the light most favorable to Appellant * * * establishes that Appellant is entitled to uninsured motorist coverage."
 {¶ 4} In his sole assignment of error, Appellant maintains that the trial court erred in granting Appellee's motion for summary judgment. More specifically, Appellant asserts that the trial court failed to consider a properly submitted affidavit which, if viewed in the light most favorable to Appellant, establishes that he is entitled to UM coverage due to the permissive use of the vehicle by Mosley. We disagree.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 7} Pursuant to Civ.R. 56(C) a duty is placed on the trial court to examine all properly filed materials before ruling on a motion for summary judgment. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358. Affidavits filed prior to the day of the hearing are timely filed. See Civ.R. 56(C). However, it is within a trial court's discretion whether to consider untimely filed affidavits and such a decision will not be reversed absent an abuse of discretion. Bush v. Dictaphone Corp., 10th Dist. No. 00AP-1117, 2003-Ohio-883, at ¶ 76.
 {¶ 8} In the instant case, Appellant alleges that the signed, supplemental affidavit establishes a genuine dispute over the material fact of "permissive use." Appellant further alleges that the affidavit was properly submitted before the filing deadline and therefore should have been considered by the court when ruling on the summary judgment motions.
 {¶ 9} Pursuant to the trial court's order, responses to summary judgment motions were to be filed on or before August 19, 2002. The record indicates that Appellant initially submitted evidence in the form of an unsigned and unnotarized affidavit. Thereafter, on August 5, 2002, Appellant filed a signed version of the affidavit. The court's decision was issued on January 2, 2003.
 {¶ 10} Although the court notes that Appellant's affidavit submitted with the original brief in opposition to summary judgment was unsigned, it found that there "is additionally no evidence that Porter gave Mosley permission to drive his car that night, only a statement contained in an unsigned affidavit stating that Porter had allowed Mosley to drive his car in the past." (Emphasis added.) However, the court stated that in support of his claim "[Appellant] submitted an affidavitsworn to by him stating that he was a passenger in the vehicle driven by Mosley and involved in the aforementioned accident. [Appellant] states that Porter regularly permitted Mosley to use the vehicle for several months prior to the accident, and on the day of the accident Mosley used the key normally provided to him by Porter to operate the vehicle." (Emphasis added.)
 {¶ 11} In Murphy, the trial court admitted that it had not reviewed the materials before it prior to ruling on the motion for summary judgment. Such is not the case here; any alleged failure to review the affidavit in this matter is mere conjecture. There is not sufficient evidence in the record before us which indicates that the trial court failed to review the supplemental affidavit, as the trial court acknowledges that Appellant submitted an "affidavit sworn to by him[.]" Thus, it does not appear that the trial court "chose to ignore" the sworn, signed affidavit as Appellant suggests. See Montgomery v. JohnDoe 26 (2000), 141 Ohio App.3d 242, 254 (concluding that evidence in the record did not support defendant's contention that the trial court failed to examine all appropriate materials filed by defendant).
 {¶ 12} Furthermore, assuming without deciding that the court failed to consider the signed affidavit before granting summary judgment, we nonetheless find that the affidavit fails to show that there is a genuine issue as to any material fact, namely, the permission to use Porter's vehicle.
 {¶ 13} Permission to use a vehicle may be expressly or impliedly granted. See Erie Ins. Group v. Fisher (1984), 15 Ohio St.3d 380, 383. However, "[s]uch permission * * * must exist at the time of the accident and may not be based upon `initial permission.'" (Emphasis added.) Longv. Hurles (Aug. 2, 1996), 3rd. Dist. No. 1-96-02, citing Erie Ins.Group, 15 Ohio St.3d at 383 and Frankenmuth Mut. Ins. Co. v. Selz
(1983), 6 Ohio St.3d 169, 172. The "initial permission rule," which holds that once permission is granted, subsequent use by the permittee remains permissive, notwithstanding that the use may exceed limitations that were communicated in the initial grant of permission, has been consistently rejected in Ohio. Erie Ins. Group, 15 Ohio St.3d at 383; Gulla v.Reynolds (1949), 151 Ohio St. 147, 153-54.
 {¶ 14} In the present case, Porter, the owner of the vehicle, asserted in his affidavit that "on or about June 13, 2001, [he] did not entrust his automobile to [Mosley.]" Although Appellant stated, by way of a supplemental affidavit, that "Porter regularly permitted [Mosley] to use the same vehicle for several months prior to the accident[,]" and that "Mosley used the key normally provided by [Porter] to the same vehicle to operate the vehicle[,]" he failed to put forth any evidence establishing that Mosley had permission to use the vehicle at the time of the accident. (Emphasis added.) Appellant asserted that Porter regularly granted Mosley permission to drive his vehicle prior to the accident and that Mosley used the key that was normally provided by Porter. However, Appellant has failed to allege that Mosley obtained Porter's permission to drive the vehicle on the date of the accident or that Porter himself provided Mosley with the key on that same date. Thus, we find that Porter's statement, indicating that he did not entrust the vehicle to Mosley on the date of the accident, is uncontroverted. Accordingly, we conclude that the trial court did not err in granting Appellee's motion for summary judgment as Appellant has failed to establish that a genuine issue of material fact exists. Consequently, Appellant's sole assignment of error is overruled.
 {¶ 15} Appellant's assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J. and Whitmore, J. concur.