OPINION
{¶ 1} Plaintiff, Robert H. Kiser, appeals from the trial court's order granting declaratory relief to Defendant, Allstate Insurance Company ("Allstate"). *Page 2 
 {¶ 2} On June 26, 2004, Defendant Judd Coffey hosted a number of guests at his home. During the course of the evening, Coffey and Kyle Thompson, one of Coffey's guests, began firing a potato gun. A potato gun is a device that shoots potatoes into the air by use of a propellant. At some point during the evening, Coffey and Thompson began using gunpowder as the propellant in the potato gun.
 {¶ 3} The potato gun was fired without incident approximately six to eight times after the gunpowder was added. On the next firing, however, the potato gun exploded, causing shrapnel to be discharged over a large area. Thompson died as a result of the explosion. At the time of the explosion, Plaintiff Kiser was talking to other guests approximately fifteen feet away from where the potato gun exploded. Some shrapnel struck Kiser, causing him physical injuries.
 {¶ 4} Coffey was covered by a policy of homeowner's liability insurance issued by Allstate. Allstate paid a claim against Coffey arising from the death of Kyle Thompson. However, Allstate subsequently declined to provide coverage for Coffey in a claim made by Robert Kiser for the injuries he suffered.
 {¶ 5} As a result of the events at his home on June 26, *Page 3 
2004, Coffey pled guilty to unlawful possession of dangerous ordnance in violation of R.C. 2923.17. On June 26, 2006, Kiser commenced an action against Coffey and the executor of Thompson's estate, seeking compensatory and punitive damages. Coffey filed an answer to Kiser's complaint. On September 26, 2006, Allstate filed a motion to intervene in the action in order to fully protect its rights and define its duties and obligations under a homeowner's insurance policy Allstate had issued to Coffey. The trial court granted Allstate's motion to intervene, and Allstate filed a counterclaim for declaratory relief pursuant to R.C. Chapter 2721.
 {¶ 6} The parties agreed to submit the coverage issue to the court on briefs and evidence obtained through discovery. On August 10, 2007, the trial court granted a declaratory judgment for Allstate, finding that Coffey was not entitled to coverage under his Allstate policy for the events of June 26, 2004, pursuant to relevant exclusions in the homeowner's policy. Kiser filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 7} "THE DECLARATORY RULING IN FAVOR OF APPELLEES FINDING DEFENDANT COFFEY IS NOT ENTITLED TO COVERAGE UNDER ALLSTATE POLICY NO. 926088041 FOR THE EVENTS OF JUNE 26, 2004 PURSUANT TO THE RELEVANT EXCLUSIONS FOUND IN SAID POLICY AND *Page 4 
AGAINST THE PREVIOUS DETERMINATION OF ALLSTATE UNDER THE SAME CIRCUMSTANCES ARISING OUT OF THE SAME SET OF FACTS, WAS WITHOUT LEGAL FOUNDATION AND ACCORDINGLY IN ERROR."
 {¶ 8} A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations.Travelers Indemn. Co. v. Cochrane (1951), 155 Ohio St. 305, 312. An insurer may institute a declaratory judgment action to determine "its rights and obligations under a contract of insurance." Preferred RiskIns. Co. v. Gill (1987), 30 Ohio St.3d 108, paragraph one of the syllabus. "A declaratory judgment action filed by an insurer against an insured, the purpose of which is to construe an insurance policy and determine the insurer's obligations to the insured, and is not for the purpose of determining liability in an action for the recovery of money, is properly triable to the court." Erie Insurance Group v. Fisher
(1984), 15 Ohio St.3d 380, syllabus.
 {¶ 9} A grant or denial of declaratory relief is reviewed under an abuse of discretion standard. Mid-American Fire Casualty Co. v.Heasley, 113 Ohio St.3d 133, 2007-Ohio-1248, at _12, 14. "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87. *Page 5 
It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
 {¶ 10} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." AAAA Enterprises, Inc. v. River Place CommunityRedevelopment (1990), 50 Ohio St.3d 157, 161.
 {¶ 11} The liability insurance policy Allstate issued to Coffey excludes from coverage claims for any bodily injury that was "intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person." "In order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended." Physicians Ins. Co. of Ohio v. Swanson (1991),58 Ohio St.3d, 189, syllabus. Allstate does not contend that Coffey intended to inflict the injuries Kiser suffered. Rather, Allstate contends that those injuries might reasonably *Page 6 
have been expected to result from Coffey's acts in unlawfully possessing a dangerous ordnance. R.C. 2923.17. That contention presented an issue of fact for the court to decide. Erie Insurance Group v.Fisher.
 {¶ 12} The trial court granted Allstate's request for declaratory judgment based on the following findings of fact and conclusions of law:
 {¶ 13} "1. Defendant Coffey built the device in question (a potato gun), loaded the device and fired the device.
 {¶ 14} "2. It is particularly noteworthy that Defendant Coffey admits to have loaded the device with gunpowder.
 {¶ 15} "3. Defendant Coffey admits to having pled guilty to unlawful possession of dangerous ordnance. See R.C. _2923.17.
 {¶ 16} "4. Defendant Coffey also admits that the device exploded, and that Plaintiff was injured as a result of the explosion.
 {¶ 17} "5. Allstate Policy No. 926088041 does not afford coverage to Defendant Coffey, and Allstate does not have a duty to defend or indemnify Defendant Coffey, for bodily injury or property damage resulting from the possession *Page 7 
and use of the potato gun on Defendant Coffey's premises on or around June 26, 2004.
 {¶ 18} "6. While perhaps intended to be a device that launched tubers into the sky, it appears the device built by Defendant Coffey and used on June 26, 2004 was, in reality, much more akin to a pipe bomb than a potato gun.
 {¶ 19} "7. The bodily injury or property damage could have reasonably been expected to result from Defendant Coffey's intentional or criminal acts on June 26, 2004.
 {¶ 20} "8. Allstate Policy No. 926088041 excludes from coverage bodily injuries or property damage that `may reasonably be expected to result from the intentional or criminal acts . . . of any insured.'
 {¶ 21} "9. Defendant Coffey is not entitled to coverage under Allstate Policy No. 926088041 for the events of June 26, 2004 pursuant to the relevant exclusions found in said policy.
 {¶ 22} "10. The Court notes that there is a scarcity of authority in situations involving homemade devices like the potato gun herein, and that many of the authorities cited by the parties are readily distinguishable from the facts in this case."
 {¶ 23} Kiser argues that Allstate acted in bad faith *Page 8 
in declining coverage for his claim against Coffey, because Allstate paid a claim against Coffey arising from the death of Kyle Thompson. However, Kiser failed to argue bad faith in the proceedings before the trial court. Therefore, he has forfeited the right to argue on appeal that the trial court erred when it did not find that Allstate acted in bad faith when it denied coverage for his claim. Furthermore, allowing one claim but not the other does not demonstrate the dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive, or ill will partaking of the nature of fraud that bad faith involves. Slater v. Motorists Mut. Ins. Co. (1962),174 Ohio St. 148.
 {¶ 24} Kiser argues that the trial court abused its discretion in finding that Kiser's bodily injuries might reasonably have been expected to result from Coffey's criminal conduct involving the potato gun. We do not agree. The trial court found that the potato gun that was modified through the use of gunpowder was more akin to a pipe bomb than a typical potato gun. This dangerous device was fired several times in close proximity to a number of persons. Given these facts, we cannot find that the trial court acted unreasonably in finding that the bodily injury to Kiser might reasonably have been expected to result from Coffey's criminal act of possessing *Page 9 
this dangerous ordnance and using it as he did.
 {¶ 25} The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and FAIN, J., concur.
Copies mailed to:
William F. Denkewalter, Esq.
Rick E. Marsh, Esq.
Joshua R. Bills, Esq.
Edwin J. Hollern, Esq.
 Hon. Roger B. Wilson *Page 1