Weygandt, C. J.
 

 The plaintiff contends that this is a chancery case and that therefore the Court of Appeals was in error in refusing a retrial on questions of law and fact.
 

 It is of course true that the plaintiff’s third cause of action sounds in chancery, since the foreclosure of a mechanic’s lien is sought. However, the first two causes of action are conceded to be purely legal in their nature. Nothing but a simple, personal judgment for money only is involved. This is the primary or paramount relief asked by the plaintiff. Until he is found entitled to a judgment in some amount, no foreclosure can be had. The trial court held that the plaintiff introduced no evidence tending to prove that the defendant was indebted to him. Hence, the question of foreclosure was not reached.
 

 Under the general rule the nature of a case is determined from the" pleadings and the issues presented thereby. It is equitable if it is necessary to determine first whether the plaintiff is entitled to equitable relief before legal redress can be granted. But, conversely, if the primary or paramount relief is legal and the equitable redress merely incidental, it is an action at law.
 

 
 *279
 
 Under the circumstances of this case the Court of Appeals was correct in refusing- a review on questions of fact and law and in retaining the appeal for a review on questions of law alone. It becomes unnecessary to discuss the second question raised by the plaintiff, and the judgment must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.