DECISION
Relator Martha Lee, representative of the "Unidentified Members of the Class of Beneficiaries of the Walter E. Havighurst Fund" and "acting as a citizen of Ohio and the United States of America," has filed a complaint in mandamus with this court against respondent, Betty D. Montgomery, the Attorney General for the state of Ohio. Based upon the following, relator's request for a writ of mandamus is denied.
On September 7, 1988, Walter E. Havighurst ("testator") executed a will. The will made specific bequests of money and/or property to the testator's heirs and to Miami University in Oxford, Ohio, where the testator had served as a professor. The will also directed that the balance of the testator's estate fund a trust established "to promote and fund educational projects through the Miami University International Center, Oxford, Ohio, for building cross-cultural understanding between the peoples of the United States of America and the Union of Soviet Socialist Republics." The will designated that the trustee of the trust would be The First National Bank of Southwestern Ohio ("First National Bank") and that the trust would be referred to as the "Walter E. Havighurst Fund."
The will also provided instructions on how the trust should be administered:
 * * * The President of Miami University, Oxford, Ohio, or his or her designee, shall have the sole discretion to determine the nature of said projects, within the guidelines set forth below, and to determine the amounts necessary to fund said projects.
 1. Funding and promoting presentations to members of the general public, on the Soviet Union;
 2. Funding and promoting classes and presentations to Miami University students and children on various aspects of Soviet life;
 3. Funding and promoting study groups and classes for Miami University students and adults on Soviet-American relations and and [sic] contemporary Soviet society;
 4. Funding and promoting presentations, seminars, and studies on relations between the governments of the United States and the Soviet Union;
 5. Funding and promoting programs and classes dealing with conflict relationships at the international level;
 6. Funding and promoting Miami University student, and group trips by members of the Oxford, Ohio community to the Soviet Union through a "sister city" program, according to guidelines set forth by Sister Cities, International, Washington, D.C.;
 7. Funding and promoting group trips to the Soviet Union to allow Miami University students, Oxford, Ohio citizens, and other Americans to meet and establish direct contact with municipal officials, industrial workers, educators, students, medical, legal, and other professionals, agriculturists, and creative artists;
 8. To promote and fund exchanges of children's artwork between Soviet and American children and to promote and fund consultative services to municipalities and groups wishing to establish direct contact with Soviet people and their counterparts.
 9. To establish and fund an endowed professorship of Soviet-American Relations at Miami University, Oxford, Ohio.
The testator died on February 3, 1994, and the will was admitted to probate on February 11, 1994.
On October 20, 1994, First National Bank, acting as executor of the testator's estate, filed an action seeking declaratory relief in the Butler County Court of Common Pleas, Probate Division. First National Bank sought declarations that the trust created no reversionary interest in the testator's heirs and that the will creating the trust authorized First National Bank to fund programs related to the Soviet Union despite the fact that the Soviet Union dissolved in December 1991. Alan and Douglas Havighurst, heirs to the testator's estate, filed a counterclaim for declaratory relief arguing that:
 * * * [T]he political, economic and social conditions of the USSR at the time that the will was executed differed significantly from the conditions at the time that the complaint was filed; that the trust cannot be carried out in accordance with its terms; that Miami University's conduct and its status as an instrumentality of the state of Ohio precludes the preservation of the trust under any equitable doctrine; that the proposed gift by trust has thus failed; and that the residuary estate thus constitutes intestate property that must pass pursuant to R.C. 2105.06, the statute of descent and distribution. * * *
First Natl. Bank of Southwestern Ohio v. Miami Univ. (1997),121 Ohio App.3d 170, 174. Respondent was also included as a party to the proceedings pursuant to R.C. 109.25.
On February 20, 1996, the probate court declared that the trust is a charitable trust under Ohio law. The court also held that the term "Union of Soviet Socialist Republics" was to be construed to also mean the "former Union of Soviet Socialist Republics" and "Soviet Union" was to be construed to also mean the "former Soviet Union." The court dismissed the counterclaim filed by Alan and Douglas Havighurst. The Twelfth District Court of Appeals affirmed the probate court's decision in First Natl. Bankof Southwestern Ohio, at 170.
On November 27, 1998, relator filed a complaint against respondent in our court stating that she:
 * * * and other Unidentified Members of the Class of Beneficiaries of the Walter E. Havighurst Fund, are entitled to claim and to enjoy certain rights, privileges, and benefits deriving from the trust and their relationship thereto, including, but not limited to, monetary grants for trips abroad to the specified countries * * *.
Appellant requested that a writ of mandamus be issued by our court:
 * * * to said respondent (1) directing her to take such action as is necessary, including but not limited to litigation and appointment of special experts, to resolve the matter of identifying the rest of the members of the "class of beneficiaries" of the Walter Havighurst Fund as referenced in the order of the Butler County Probate Court so that their respective rights and interests in the charitable trust might be protected; and (2) directing her to cause the Trustee of the Walter Havighurst Fund to come into compliance with the registration and reporting requirements of the Ohio Charitable Trust Act.
R.C. 2731.01 defines mandamus as:
 * * * a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.
In order for relator to be entitled to a writ of mandamus, she must establish that: (1) she has a clear legal right to the requested relief; (2) respondent is under a clear legal duty to provide this relief; and (3) the lack of an adequate remedy in the ordinary course of law. State exrel. Fattlar v. Boyle (1998), 83 Ohio St.3d 123, 125.
A review of relator's complaint shows that she is requesting respondent to "resolve the matter" concerning the class of beneficiaries of the trust. R.C. 109.24 states in part:
 * * * The attorney general may investigate transactions and relationships of trustees of a charitable trust for the purpose of determining whether the property held for charitable, religious, or educational purposes has been and is being properly administered in accordance with fiduciary principles as established by the courts and statutes of this state. * * *
R.C. 109.24(E) also states in part that:
 The attorney general shall institute and prosecute a proper action to enforce the performance of any charitable trust, and to restrain the abuse of it whenever he considers such action advisable or if directed to do so by the governor, the supreme court, the general assembly, or either house of the general assembly. * * *
A review of R.C. 109.24 shows that unless directed by specifically named entities, the attorney general has discretion to either investigate, enforce performance, or restrain abuse of a charitable trust. Absent an abuse of discretion, mandamus cannot compel a public body or official to act in a certain way on a discretionary matter. State ex rel. Crabtree v. FranklinCty. Bd. of Health (1997), 77 Ohio St.3d 247, 249. For example, mandamus is not normally used as a remedy to compel a prosecutor to prosecute because "the decision whether to prosecute is discretionary and not normally subject to judicial review." Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. Relator neither alleged in her complaint nor demonstrated in her brief, nor does a review of the record reveal that respondent's actions were so "unreasonable, arbitrary or unconscionable" to constitute an abuse of her discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Additionally, the will states that the "President of Miami University, Oxford, Ohio, or his or her designee, shall have the sole discretion to determine the nature of said projects, within the guidelines * * *, and to determine the amounts necessary to fund said projects." Relator could be a recipient of funds of the trust, but that is dependent upon the discretionary judgment of the president of the university or his or her designee. Individuals submitting projects that fully comply with the guidelines within the will do not have an absolute right to funds from the trust because the president of the university or his or her designee has "sole discretion" in determining what projects would be funded by the trust. Accordingly, we find that relator has failed to show that she has a clear legal right to the requested relief.
Finally, mandamus does not lie as a remedy because relator has an adequate remedy in the ordinary course of law. For example, relator may have been able to file a declaratory judgment action seeking to clarify the language of the trust concerning who are the beneficiaries of the trust. In re Trustof Brooke (1998), 82 Ohio St.3d 553. Mandamus should not be used as a remedy when relief through a declaratory judgment action could have provided a complete remedy. State ex rel. Ohio Academy of Trial Lawyers v. Sheward
(1999), ___ Ohio St.3d __; State ex rel. Earl v. Shafer (1999),85 Ohio St.3d 370.
Accordingly, we find that relator is not entitled to a writ of mandamus requiring respondent to "resolve the matter" concerning the class of beneficiaries of the trust. We note that relator has also made the argument that:
 * * * the people of the U.S.A.; members of the Oxford, Ohio community; children, and peoples of the former Soviet Union were not made parties to the declaratory judgment proceeding, and therefore the judgment is jurisdictionally defective.
Relator should not be allowed to collaterally attack a decision by the Butler County Court of Common Pleas, Probate Division, that was affirmed by the Twelfth District Court of Appeals, dismissed by the Ohio Supreme Court in First Natl. Bank of Southwestern Ohio v. Miami Univ. (1997),80 Ohio St.3d 1411, reconsideration denied by the Ohio Supreme Court in 1997, 80 Ohio St.3d 1450, and certiorari denied by the United States Supreme Court in Havighurst v. First Natl. Bank of Southwestern Ohio (1998), ___ U.S. ___, 119 S.Ct. 70. "[M]andamus is not a substitute for appeal or a means to review errors or irregularities, if any, in the trial court."State ex rel. Lesko v. Court of Common Pleas, Cuyahoga Cty. (Apr. 15, 1999), Cuyahoga App. No. 76165, unreported, following State ex rel. Keenanv. Calabrese (1994), 69 Ohio St.3d 176.
Relator also argues that a writ of mandamus should be issued directing respondent to cause the "Trustee of the Walter Havighurst Fund to come into compliance with the registration and reporting requirements of the Ohio Charitable Trust Act." However, respondent contends that the Walter E. Havighurst Fund has complied with the provisions of the Ohio Charitable Trust Act as of February 4, 1999, and has provided copies of the registration documents filed with respondent. Therefore, since respondent has provided evidence that the trust has complied with the Ohio Charitable Trust Act, we find that a writ of mandamus should not be issued to compel respondent to perform an act that has already been performed.
Accordingly, relator's request for a writ of mandamus is denied.
Writ of mandamus denied. BRYANT and DESHLER, JJ., concur.