[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 233.]

THE STATE EX REL. LEE ET AL., APPELLANTS, *v*. MONTGOMERY, ATTORNEY
GENERAL, APPELLEE.

[Cite as *State ex rel. Lee v. Montgomery*, 2000-Ohio-316.]

*Trusts—Charitable trust created to promote and fund educational projects
involving the Union of Soviet Socialist Republics—Soviet Union
subsequently dissolved—Mandamus to compel Attorney General to bring
an action to define other beneficiaries of the trust—Denial of writ
affirmed.*

(No. 99-1760—Submitted February 23, 2000—Decided March 22, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1516.

_____

{¶ 1} On September 7, 1988, Walter E. Havighurst executed a will. In his will, Havighurst devised all of his real property to Miami University in Oxford, Ohio, and specifically bequeathed money and personal property to various individuals and entities, including his heirs and Miami University.

{¶ 2} Havighurst bequeathed the remainder of his estate to his designated trustee, First National Bank of Southwestern Ohio ("First National"), to create a charitable trust known as the "Walter E. Havighurst Fund," which would "promote and fund educational projects through the Miami University International Center, Oxford, Ohio, for building cross-cultural understanding between the peoples of the United States of America and the Union of Soviet Socialist Republics." Under the terms of the trust, the President of Miami University, within specified guidelines, was vested with the "sole discretion to determine the nature of said projects * * * and to determine the amounts necessary to fund said projects."

{¶ 3} On February 3, 1994, Havighurst died, leaving assets valued at over six million dollars. His will was admitted to probate.

**{¶ 4}** In October 1994, First National filed a complaint in the Butler County Court of Common Pleas, Probate Division, for a judgment declaring, *inter alia*, that despite the 1991 dissolution of the Soviet Union, the charitable trust be fully funded and carried out according to its terms and that no reversionary interest in Havighurst's heirs be created. Two of Havighurst's heirs filed counterclaims seeking declarations that because the political, economic, and social conditions of the former Soviet Union had significantly changed since the time the will was executed, the attempted charitable trust failed, and that the residuary estate thus constituted intestate property that would pass to the heirs. Appellee, Ohio Attorney General, and Miami University were parties to the case, and the Attorney General appointed a private law firm to represent Miami University in the proceeding.

**{¶ 5}** In February 1996, the probate court entered a judgment declaring that Havighurst's will created a charitable trust, that the trust be fully funded and carried out in accordance with its terms, and that the terms "Union of Soviet Socialist Republics," "Soviet Union," and "Soviet" used in the trust be construed to mean "former Union of Soviet Socialist Republics" and "former Soviet Union." On appeal by the heirs, the court of appeals affirmed the judgment of the probate court, and this court and the Supreme Court of the United States declined jurisdiction over the heirs' further appeals. *First Natl. Bank of Southwestern Ohio v. Miami Univ.* (1997), 121 Ohio App.3d 170, 699 N.E.2d 523, discretionary appeal not allowed (1997), 80 Ohio St.3d 1411, 684 N.E.2d 704, certiorari denied (1998), 525 U.S. __, 119 S.Ct. 70, 142 L.Ed.2d 55. Appellant, Martha Lee, an attorney, had represented one of the heirs during the probate court proceeding and, eventually, both of the heirs in the appellate process.

**{¶ 6}** In November 1998, while her appeal on behalf of the Havighurst heirs in the probate court proceeding was still pending in the United States Supreme Court, Lee filed a complaint in the Court of Appeals for Franklin County in her individual capacity as well as her capacity as representative of unidentified

members of the class of beneficiaries of the charitable trust. Lee requested a writ of mandamus to compel the Attorney General (1) "take such action as is necessary, including but not limited to litigation and appointment of special experts, to resolve the matter of identifying the rest of the members of the 'class of beneficiaries' of the Walter Havighurst Fund as referenced in the order of the Butler County Probate Court so that their respective rights and interests in the charitable trust might be protected" and (2) "cause the Trustee of the Walter Havighurst Fund to come into compliance with the registration and reporting requirements of the Ohio Charitable Trust Act." After the Attorney General filed an answer, the parties filed evidence. The Attorney General's evidence included a charitable trust registration form for Havighurst's charitable trust that had been filed by First National Bank with the Attorney General in February 1999. The court of appeals denied the writ.

{¶ 7} This cause is now before the court upon an appeal as of right.

———————————

*Martha C. Lee, pro se*.

*Betty D. Montgomery*, Attorney General, and *Monica A. Moloney*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 8} Lee asserts that the court of appeals erred in denying the requested writ of mandamus. Lee's preeminent claim is for a writ of mandamus to compel the Attorney General to "take such action as is necessary * * * to resolve the matter of identifying the rest of the members of the 'class of beneficiaries' " of the charitable trust. Lee contends that the Attorney General has a clear legal duty to bring an action to define the other beneficiaries of the trust besides Miami University. Lee further contends that the Attorney General has a clear legal duty to move to vacate the probate court judgment because necessary parties, *i.e.,* the other trust beneficiaries, were not represented in that case.

**{¶ 9}** Lee's contentions are meritless. Absent an abuse of discretion, mandamus cannot compel a public official to act in a certain way on a discretionary matter. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, 673 N.E.2d 1281, 1283; see, also, *State ex rel. Evans v. Columbus Dept. of Law* (1998), 83 Ohio St.3d 174, 175, 699 N.E.2d 60, 61 ("[A] prosecuting attorney will not be compelled to prosecute except when the failure to do so constitutes an abuse of discretion."). An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude. *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058, 1059-1060.

**{¶ 10}** R.C. 109.24 generally vests discretionary authority in the Attorney General in the investigation and prosecution of matters relating to charitable trusts by providing:

"The attorney general *may investigate* transactions and relationships of trustees of a charitable trust for the purpose of determining whether the property held for charitable, religious, or educational purposes has been and is being properly administered in accordance with fiduciary principles as established by the courts and statutes of this state. * * *

" * * *

"The attorney general *shall institute and prosecute a proper action* to enforce the performance of any charitable trust, and to restrain the abuse of it *whenever he considers such action advisable* or if directed to do so by the governor, the supreme court, the general assembly, or either house of the general assembly." (Emphasis added.)

**{¶ 11}** The Attorney General had no legal duty under R.C. 109.24 to institute any action to further define other beneficiaries of the charitable trust. As we recently held, " '[n]ot only is a charitable trust permitted by law to have vague, undefined, uncertain beneficiaries, but * * * it is required to have such beneficiaries;

and * * * the very essence of a charitable or public trust lies in the indefiniteness of the charitable trust beneficiaries.' " *In re Trust of Brooke* (1998), 82 Ohio St.3d 553, 561, 697 N.E.2d 191, 197, quoting Bogert, Trusts & Trustees (2 Ed. Rev.1991) 26, Section 363.

{¶ 12} Moreover, contrary to Lee's assertions, all necessary parties *were* properly joined in the probate court declaratory judgment proceeding. The Attorney General, a necessary party to the proceeding under R.C. 109.25, represented the charitable trust beneficiaries in the probate case. See *Kingdom v. Saxbe* (P.C.1958), 9 O.O.2d 137, 138, 161 N.E.2d 461, 462 (Attorney General is required to represent the class of indefinite beneficiaries of the charitable trust in declaratory judgment action); see, also, R.C. 109.23 and 109.24.

{¶ 13} Lee further argues that an abuse of discretion is exhibited because the Attorney General could not adequately represent both Miami University (through counsel that the Attorney General appointed) and the other potential trust beneficiaries that Lee claims to represent in this action. But these other potential trust beneficiaries are at best only potential beneficiaries. The President of Miami University is vested with the sole discretion under the trust to determine the nature of the projects to be funded. Permitting possible beneficiaries to have separate counsel besides the Attorney General and to institute their own actions to enforce charitable trusts might unduly burden trustees and compromise the best interest of the beneficiaries. See, generally, *Plant v. Upper Valley Med. Ctr.* (Apr. 19, 1996), Miami App. No. 95-CA-52, unreported, 1996 WL 185341.

{¶ 14} In fact, Lee's mandamus action appears to be merely a thinly veiled attempt to overturn a probate court judgment that she failed to reverse on appeal when she represented the heirs. Cf. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463, 463 ("Where a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue.").

**{¶ 15}** Therefore, Lee has not established that the Attorney General abused her broad discretion under R.C. 109.24 to prosecute the requested actions regarding the charitable trust.

**{¶ 16}** Finally, as the court of appeals held, Lee did not establish her entitlement to a writ of mandamus to compel the Attorney General to force the charitable trust to comply with the registration requirements of R.C. 109.26 because First National has now complied, and a writ of mandamus will not issue to compel an act that has already been performed. *State ex rel. Crim v. Ohio Adult Parole Auth.* (1999), 87 Ohio St.3d 38, 716 N.E.2d 1147, 1148.[1]

**{¶ 17}** Based on the foregoing, Lee is not entitled to the requested extraordinary relief in mandamus. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

---

1. Although Lee also claimed noncompliance by the trust with the reporting requirements of R.C. 109.31, she does not raise this issue on appeal, and we need not consider it.