DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron County Court of Common Pleas which, following a jury trial, found appellant, Jesus S. Villareal, guilty of two counts of illegal use of a minor in nudity oriented material, a violation of R.C. 2907.323(a)(1)[1], and sentenced him to a term of five years in prison on each count. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following three assignments of error:
"ASSIGNMENT OF ERROR NUMBER ONE
 "THE COURT ERRED BY REFUSING TO PERMIT WITNESSES TO TESTIFY AS TO WHETHER THE MINOR VICTIMS HAD THE APPEARANCE OF SOMEONE 18 YEARS OR OLDER.
 "ASSIGNMENT OF ERROR NUMBER TWO
 "THE COURT ERRED BY PROVIDING A [SIC] ERRONEOUS DEFINITION OF PHOTOGRAPH AND BY REFUSING TO PERMIT EXPERT TESTIMONY ON WHAT A PHOTOGRAPH IS AND THEREBY INVADED THE PROVINCE OF THE JURY AS THE FINDERS OF FACT.
"ASSIGNMENT OF ERROR NUMBER THREE
 "THE TRIAL COURTS [SIC] REFUSAL TO ALLOW DEFENSE COUNSEL WITH LATITUDE DURING CLOSING ARGUMENT RESULTED IN A VIOLATION OF DUE PROCESS."
The following facts are relevant to this appeal. Appellant was indicted on July 7, 2000 on two counts of illegal use of a minor in nudity oriented material. Appellant entered a plea of not guilty at his arraignment.
Appellant's two day trial began on September 19, 2000. The two thirteen year old minor victims, an individual who supervised the processing of the photographs at issue, and two police detectives all testified in the state's case in chief.
At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29. The motion was denied. The defense presented its case. A friend of appellant testified on his behalf. At the close of testimony, the motion for acquittal was renewed and overruled.
The jury returned a guilty verdict on two counts of illegal use of a minor in nudity oriented material. Appellant was sentenced to a definite term of five years on each count, to be served concurrently. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant argues that the trial court erred by refusing to permit witnesses to testify as to whether the minor victims had the appearance of someone eighteen years or older. This court finds no merit in this assignment of error.
At trial, appellant's counsel[2] on cross-examination asked one of the minor victims where she got her cigarettes. The trial court sustained the state's objection to this question. Appellant's counsel proffered that if the minor victim could fool a store clerk about her age and purchase cigarettes, then she could fool appellant.
Pursuant to Evid.R. 611(a), a trial court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence[.]" Evid.R. 611(B) provides that "[c]ross-examination shall be permitted on all relevant matters and matters affecting credibility." The scope of cross-examination rests in the sound discretion of the trial court. State v. Slagle (1992), 65 Ohio St.3d 597, 605; State v. Woodard
(1993), 68 Ohio St.3d 70, 78. As noted by the court in Berlinger v. Mt.Sinai Medical Ctr. (1990), 68 Ohio App.3d 830, 838: "Absent a clear and prejudicial abuse of discretion, [an appellate court] will not reverse a ruling by a trial court on the scope of cross-examination." An appellant has the burden to show a patent abuse of discretion regarding a trial court's decision on the scope of cross-examination. State v. Walker
(1978), 55 Ohio St.2d 208, 214.
Appellant contends he should have been allowed to cross-examine the victim regarding her purchase of cigarettes in order to show that she could fool a store clerk about her age. Appellant was allowed to cross-examine both victims about their appearance and representations of their ages to appellant. Appellant also presented a witness who testified that both victims smoked in her and appellant's presence and that one of the victims said the other was "of age." Given these factors and the inability of appellant to demonstrate prejudice flowing from the denial of cross-examination where he otherwise adduced ample evidence that the two minor victims wore make-up, had their hair done, smoked and acted or talked differently, this court cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in limiting the cross-examination of the minor victim.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred by providing an erroneous definition of photograph in the jury instructions and by refusing to permit expert testimony on what a photograph is. This court finds no merit in this assignment of error.
The trial court provided the following jury instruction:
 "* * * To photograph means to take a photograph by exposing on film an image, which can be accomplished by opening the shutter of a camera containing film. It is not necessary that the person taking the photograph cause the film to be developed."
Appellant argues that R.C. 2907.323 "speaks of the element term `photograph'" and that the trial court added "to" so that the element is now a verb instead of a noun. However, a careful reading of R.C. 2907.323
shows that the statute states: "No person shall do * * * the following:
 "(1) Photograph any minor who is not the person's child or ward in a state of nudity * * *."
Thus, the statute prohibits one from the act of photographing, an active verb, and, thus, the statute itself defeats appellant's argument.
A trial court must fully and completely give jury instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as fact finder. State v. Comen (1990),50 Ohio St.3d 206, paragraph two of the syllabus. This court's review is limited to whether the trial court abused its discretion in refusing to provide a jury instruction as requested by appellant and, if so, whether the refusal was prejudicial. Jaworowski v. Med. Radiation Consultants
(1991), 71 Ohio App.3d 320. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. (Citations omitted).
Upon consideration of the above law and the facts of this case, this court concludes that it was not an abuse of discretion for the trial court to instruct the jury as it did.
Appellant also asserts in this assignment of error that it was error for the trial court to refuse to permit expert testimony on what a photograph is. This court finds no merit in this argument.
In First Natl. Bank Of Southwestern Ohio v. Miami University (1997),121 Ohio App.3d 170, 182, the court stated:
 "* * * Evid.R. 702 and 704 permit expert opinion testimony that embraces the ultimate issue to be decided by the trier of fact if: (1) the witness is qualified as an expert `by knowledge, skill, experience, training or education'; and (2) 'scientific, technical, or other specialized knowledge' will assist the trier of fact to understand the evidence or to decide an issue of fact. (Emphasis added.)"
Expert testimony regarding matters of law is not appropriate because the trial court may not abdicate its role as the finder of law. Sikorski v.Link Elec. Safety Control Co. (1997), 117 Ohio App.3d 822, 831.
Although appellant argues that the trial court should have permitted examination of a witness as to what a photograph is, this court has already determined that the statute prohibits one from the act of photographing. The trial court provided a jury instruction defining "to photograph." Therefore, there was no need for expert testimony regrading what a photograph is and, thus, the trial court did not err in refusing to permit expert testimony on this subject.
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that the trial court erred in refusing to allow defense counsel wide latitude in closing argument. This court finds no merit in this assignment of error.
Although trial counsel is generally accorded considerable latitude in closing arguments, the trial court has discretion to limit closing arguments of counsel where there is a substantial likelihood that counsel's comments may mislead the jury. Kubiszak v. Rini's Supermarket
(1991), 77 Ohio App.3d 679, 688; Jackson v. Booth Memorial Hosp. (1988),47 Ohio App.3d 176. A trial judge retains discretion to limit the duration and scope of closing arguments. Pang v. Minch (1990),53 Ohio St.3d 186, 194. A trial judge's limitation on closing arguments will not be reversed absent an abuse of discretion. Id. This court can find no prejudice where the trial court took control of the proceedings to make sure the jury was not misled with defense counsel's argument which was contrary to the trial court's definition of "to photograph" as provided in the jury instructions. It is the function of the trial court, exclusively, to instruct the jury. Civ.R. 51.
Accordingly, appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Huron County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.
 Melvin L. Resnick, J., Richard W. Knepper, J., JUDGE CONCUR.
[1] R.C. 2907.323, Illegal use of minor in nudity-oriented material or performance, provides:
"(a) No person shall do any of the following:
 "(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:
 "(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance;
 "(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used."
[2] Appellant is represented by different counsel on appeal than at the trial court level.